[849 NE2d 938, 816 NYS2d 715]

STEPHEN R. FRANK et al., Plaintiffs, v MEADOWLAKES DEVELOP-
MENT CORPORATION et al., Defendants. MEADOWLAKES DE-
VELOPMENT CORPORATION, Third-Party Plaintiff-
Respondent, v HOME INSULATION AND SUPPLY, INC., Third-
Party Defendant-Appellant.

Argued February 9, 2006; decided March 30, 2006

## POINTS OF COUNSEL

*Herzfeld & Rubin, P.C.,* New York City (*David B. Hamm* of counsel), for third-party defendant-appellant. I. Home Insulation and Supply, Inc.'s motion to dismiss all claims against it should have been granted. No basis exists for the allocation of any fault to Home. (*Szczerbiak v Pilat,* 90 NY2d 553; *Buchholz v Trump 767 Fifth Ave., LLC,* 5 NY3d 1; *David v County of Suffolk,* 1 NY3d 525; *Diaz v New York Downtown Hosp.,* 99 NY2d 542; *Romano v Stanley,* 90 NY2d 444; *Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *Baehre v Sagamore Resort Hotel,* 4 AD3d 810; *Geddes v Crown Equip. Corp.,* 273 AD2d 904; *Canales v Hustler Mfg. Co.,* 12 AD3d 392; *Cornwell v Otis El. Co.,* 275 AD2d 649.) II. The Supreme Court erred in granting Meadowlakes Development Corporation's motion for complete common-law indemnification. That order violated basic principles governing indemnification and contravened the express language of CPLR article 16. (*Rogers v Dorchester Assoc.,* 32 NY2d 553; *Dole v Dow Chem. Co.,* 30 NY2d 143; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1; *Creamer v Amsterdam High School,* 277 AD2d 647; *Keegan v Swissotel N.Y.,* 262 AD2d 111; *Mas v Two Bridges Assoc.,* 75 NY2d 680; *Singh v Congregation Bais Avrohom K'Krula,* 300 AD2d 567; *Doherty v Palmyra-Macedon Cent. School Dist.,* 286 AD2d 950; *Dinino v D.A.T. Constr. Corp.,* 267 AD2d 148; *Freeman v National Audubon Socy.,* 243 AD2d 608.)

*Law Offices of John Quackenbush,* Buffalo (*John Wallace* and *Joseph A. Wilson* of counsel), for Meadowlakes Development Corporation, defendant and third-party plaintiff-respondent. I. The jury's determination that Home Insulation and Supply, Inc. was negligent, and that such negligence was a proximate cause of the accident, was supported by substantial evidence at trial. (*Cohen v Hallmark Cards,* 45 NY2d 493; *Schmidt v Turner,* 15 AD3d 835; *Blum v Fresh Grown Preserve Corp.,* 292 NY 241; *Adamy v Ziriakus,* 92 NY2d 396; *Sagorsky v Malyon,* 307 NY 584; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 56 NY2d 503; *Pellescki v City of Rochester,* 198 AD2d 762, 83 NY2d

752; *Herman v Lancaster Homes,* 145 AD2d 926, 74 NY2d 601; *Berardi v Getty Ref. & Mktg. Co.,* 107 Misc 2d 451; *Landry v General Motors Corp., Cent. Foundry Div.,* 210 AD2d 898.) II. The Appellate Division properly affirmed the award of full indemnification to Meadowlakes Development Corporation from Home Insulation and Supply, Inc. (*Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1; *D'Ambrosio v City of New York,* 55 NY2d 454; *Chapel v Mitchell,* 84 NY2d 345; *Felker v Corning Inc.,* 90 NY2d 219; *Rogers v Dorchester Assoc.,* 32 NY2d 553; *Raquet v Braun,* 90 NY2d 177; *Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643; *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.,* 259 AD2d 75; *Correia v Professional Data Mgt.,* 259 AD2d 60; *Singh v Congregation Bais Avrohom K'Krula,* 300 AD2d 567.) III. Article 16 of the CPLR does not affect Meadowlakes Development Corporation's right to full indemnification from Home Insulation and Supply, Inc. (*McDermott v City of New York,* 50 NY2d 211; *Rangolan v County of Nassau,* 96 NY2d 42; *Salamone v Wincaf Props.,* 9 AD3d 127; *Ryan v Beavers,* 170 AD2d 1045; *Marsala v Weinraub,* 208 AD2d 689; *Noble v Ambrosio,* 151 Misc 2d 276, 173 AD2d 801; *Chianese v Meier,* 98 NY2d 270; *Detrinca v De Fillippo,* 165 AD2d 505; *Whalen v Kawasaki Motors Corp., U.S.A.,* 242 AD2d 919, 92 NY2d 288; *Morales v County of Nassau,* 94 NY2d 218.) IV. Even if CPLR article 16 applied to Meadowlakes Development Corporation's indemnity claim against Home Insulation and Supply, Inc., Home's percentage of liability for noneconomic damages is 20%, not 10%. (*Schaefer v RCP Assoc.,* 232 AD2d 286; *Turisse v Dominick Milone, Inc.,* 262 AD2d 305; *Kendall v Venture Dev.,* 206 AD2d 797; *Bieber v Tower Bldr. & Contr. Corp.,* 216 AD2d 431; *LaFleur v Consolidated Edison Co. of N.Y.,* 245 AD2d 36; *Guiga v JLS Constr. Co.,* 255 AD2d 244; *Torrillo v Kiperman,* 183 AD2d 821; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Telaro v Telaro,* 25 NY2d 433.)

## OPINION OF THE COURT

G.B. SMITH, J.

The issue here is whether a tortfeasor whose liability is determined to be 50% or less can be found responsible for total indemnification of noneconomic loss despite CPLR article 16.*

---

* This action was commenced in 1992, before the 1996 amendment to Workers' Compensation Law § 11, and thus Meadowlakes' right to indemnification is not affected by the amendment.

We hold that a third-party defendant found to have only one ninth of the tortfeasors' total fault should be responsible for one ninth of the noneconomic loss. The order of the Appellate Division should, therefore, be reversed and remitted to Supreme Court for further proceedings to calculate the portion of the settlement properly allocated to noneconomic loss.

On April 12, 1991, Stephen Frank was working at a building site in Clarence, New York, on property owned by the Meadowlakes Development Corporation. Frank was attempting to carry a large bag of double insulation over his right shoulder up a staircase on the property. The left side of the staircase had no railing and Frank lost his balance and fell. As a result of the fall, Frank received several serious permanent injuries to his back and spine. Frank and his wife commenced an action for personal injury and loss of consortium against Meadowlakes and the general contractor, D.J.H. Enterprises, Inc. Meadowlakes, in turn, filed a related third-party action for indemnification against Home Insulation and Supply, Inc., Frank's employer. After a bifurcated trial, the jury apportioned fault in the amount of 10% to Frank, 10% to Home and 80% to D.J.H. The court also directed a verdict against Meadowlakes and D.J.H. based upon a violation of Labor Law § 240 (1).

On January 17, 2003, the Franks settled with D.J.H. for $300,000. On January 24, 2003, the Franks settled with Meadowlakes for $1,400,000. Supreme Court then granted Meadowlakes' motion for common-law indemnification against Home in the sum of $1,552,160, which included interest on the Franks' settlement, accruing from January 31, 2003 until February 12, 2004.

Home appealed this judgment, arguing that Supreme Court erred (1) in denying its motion for a directed verdict to dismiss the third-party complaint against it because Home was not negligent and, thus, the jury's 10% allocation of fault to Home should not stand, and (2) in granting Meadowlakes complete indemnification against Home, even if the 10% of fault remained undisturbed, because it should be liable only for its proportionate share of negligence.

The Appellate Division held that Supreme Court properly denied the motion for a directed verdict dismissing the third-party complaint because Home's contention that there was no basis to allocate fault was without merit. The Court also disagreed with Home's argument that it should not be required to indemnify Meadowlakes for 100% of the settlement. The Court reasoned:

"It is well settled that 'an owner or general contractor who is held strictly liable under Labor Law § 240 (1) is entitled to full indemnification from the party actually responsible for the incident' (*Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939 [1995]). The principles of common-law indemnification allow the party held vicariously liable to shift the entire burden of the loss to the actual wrongdoer. Contrary to Home's contention, 'CPLR article 16 does not limit the owner's right of indemnification' because of the savings provision for indemnification claims set forth in CPLR 1602 (2) (ii) (*Salamone v Wincaf Props.*, 9 AD3d 127, 129 [2004], *lv dismissed* 4 NY3d 794 [2005])" (20 AD3d 874, 875-876 [2005] [citations omitted]).

Two Justices dissented, concluding that Home's liability should be limited to its proportionate share of fault. The Justices reasoned:

"Application here of the rule of joint and several liability results in precisely the 'evil' intended to be 'suppress[ed]' by the enactment of article 16 (McKinney's Cons Laws of NY, Book 1, Statutes § 95)[,] a party whose equitable share of the fault has been adjudged to be but 10% liable is instead held liable for 100% of that loss. That is just the result that the Legislature sought to avoid by the enactment of article 16" (*id.* at 881).

We agree with the Appellate Division that there was sufficient evidence in the record to support the jury's determination. Therefore the motion for a directed verdict was properly denied. We disagree, however, with the majority's reasoning concerning complete indemnification. Although CPLR article 16 does not limit the right to indemnification, it does limit the amount that can be recovered when liability is 50% or less.

"A statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 97). "Statutes will not be construed as to render them ineffective" (McKinney's Cons Laws of NY, Book 1, Statutes § 144). CPLR 1602 (1) provides, in part, that article 16 "shall . . . apply to any claim for contribution or indemnification." CPLR 1602 (2) (ii) states, "The limitations set forth in this article shall . . . not be construed to impair, alter, limit,

modify, enlarge, abrogate or restrict . . . any immunity or right of indemnification available to or conferred upon any defendant for any negligent or wrongful act or omission."

In *Salamone v Wincaf Props.* (9 AD3d 127 [1st Dept 2004]), the First Department addressed a substantially similar issue of whether a vicariously liable owner was limited in the amount of indemnification he could recover from a party whose proportionate share of fault was 50% or less. The Court found the savings provision in CPLR 1602 (2) (ii) did not limit an owner's right of indemnification against the partially liable party. The owner argued that CPLR 1602 (2) (ii) prevented its common-law right of indemnification from being limited or abrogated by CPLR article 16. The Court determined that the "plain meaning of the highlighted statutory language (quoting a portion of CPLR 1602 [2] [ii]) appears to be that [the owner's] common-law right of indemnification against [third-party defendant] should operate just as it would have operated had CPLR article 16 never been enacted" (*id.* at 135). It further reasoned that "construing CPLR 1602 (2) (ii) to leave indemnification claims unaffected by the limitations of CPLR article 16 serves to shift liability from nonculpable to culpable parties, consistent with the general intent of the article as a whole, and, presumably, the specific intent behind CPLR 1602 (2) (ii)" (*id.* at 138). The *Salamone* court saw an inconsistency between the opening clause of CPLR 1602 (1) and CPLR 1602 (2) (ii). The Court viewed CPLR 1602 (2) (ii) as the Legislature's paramount intention and CPLR 1602 (1) as a subordinate provision which furthered article 16's purpose in no discernable way. The *Salamone* court and the Appellate Division here concluded that there was an irreconcilable conflict between CPLR 1602 (1) and 1602 (2) (ii).

"The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 94). It is clear that the Legislature wanted article 16's protections to apply to indemnification actions (*see* CPLR 1602 [1]). The purpose of article 16 was to place the risk of a principally-at-fault but impecunious defendant on those seeking recovery and not on a low-fault, deep pocket defendant (*see Rangolan v County of Nassau,* 96 NY2d 42, 48 [2001] ["To construe 1602 (2) (iv) as an exception to apportionment would defeat the legislative goal of benefitting low-fault, 'deep pocket' defendants"]; Insuring Our Future, Report of the Governor's Advisory Commission on Li-

ability Insurance, at 131 [Apr. 7, 1986] ["(I)t is fundamentally unfair to require a defendant to pay a greater share of an award than corresponds to that defendant's adjudged share of the fault that caused the injury"]). The *Salamone* decision ignores the Legislature's intent in enacting article 16 in response to the rising costs of liability insurance "to assure that no defendant who is assigned a minor degree of fault can be forced to pay an amount grossly out of proportion to that assignment" (Insuring Our Future, Report of the Governor's Advisory Commission on Liability Insurance, at 132).

In our view, there is no irreconcilable conflict between CPLR 1602 (1) and 1602 (2) (ii). In *Rangolan v County of Nassau* (96 NY2d 42 [2001]), this Court held that CPLR 1602 (2) (iv) did not preclude apportionment when a defendant's liability arose from a nondelegable duty because the subsection was a savings provision and not an exception. We stated that CPLR 1602 (2) (iv) "ensures that a defendant is liable to the same extent as its delegate or employee, and that CPLR article 16 is not construed to alter this liability" (*id.* at 47). CPLR 1602 (2) (ii) is, likewise, a savings provision intended to ensure the courts do not read article 16 as altering or limiting the preexisting right of indemnification. This does not, however, entitle a party to 100% recovery. Therefore, though Meadowlakes retained its right to indemnification, Home, as a party found 10% liable, was limited to its proportionate share with respect to noneconomic damages. To calculate Home's share, we divide indemnity among potential indemnitors and exclude Frank's 10% share of fault since he cannot be an indemnitor (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 1601.01). Home's total indemnity to Meadowlakes will, therefore, be all economic loss and one ninth of noneconomic loss encompassed within the settlement, with interest.

Defendant's remaining arguments are without merit.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order modified, etc.