■ Theresa McCarthy, Respondent, v 390 Tower Associates, LLC, et al., Respondents, and Unisul, Inc., Appellant, et al., Defendants. [820 NYS2d 798]—

Amended judgment, Supreme Court, New York County (Robert D. Lippmann, J., and a jury), entered August 24, 2005, inter alia, awarding plaintiff worker damages for personal injuries

sustained at a construction site against defendant building owner Tower Associates, defendant general contractor Structure Tone, defaulting defendant sub-subcontractor and plaintiff's employer Buckley, and defendant-appellant manufacturer Unisul, apportioning fault 35% against Unisul and 65% against Buckley, and awarding Tower and Structure Tone common-law indemnification against Unisul, unanimously modified, on the law, to limit the award of indemnification to 35%, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 8, 2005, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's finding that plaintiff's negligence was not a substantial factor in causing her injuries is not against the weight of the evidence. We find no reversible error in the trial court's evidentiary rulings challenged on appeal. However, because Unisul was found to be less than 50% at fault, the award of indemnification against it, for Tower's and Structure Tone's vicarious liability under Labor Law § 241 (6), must be limited to its own 35% share of fault (*see Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687 [2006]), and we modify accordingly. Concur— Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.