■ JOHN RISKO et al., Plaintiffs, v ALLIANCE BUILDERS CORP., Respondent, and GARY PETERS, Appellant, et al., Defendant. [835 NYS2d 551]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered on or about April 21, 2006, entitling defendant Alliance Builders Corp. to indemnification from defendant Gary Peters, unanimously affirmed, without costs.

Defendant general contractor Alliance Builders Corp., after having been found statutorily liable under Labor Law § 240 (1), allegedly settled with plaintiff. Inasmuch as Alliance's liability was purely statutory, fault having been apportioned at trial 90% to plaintiff and 10% to defendant Peters, Alliance now seeks common-law indemnification for the settlement amount from Peters, the defendant at fault. Although, pursuant to CPLR 1601, the amount recoverable for noneconomic loss is limited by the percentage of fault when the party against whom recovery is sought bears 50% or less of the fault (*see Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687 [2006]), that limitation is rendered nugatory here since a plaintiff is not a "person liable" under CPLR 1601, and, accordingly, plaintiff's 90% share of fault is excluded from the calculation when determining the extent of defendant's responsibility under CPLR 1601 (*see Frank*, 6 NY3d at 693; *and see* Weinstein-Korn-Miller, NY Civ Prac ¶ 1601.01). Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.