■ Severino Cunha et al., Plaintiffs, v City of New York, Defendant and Third-Party Plaintiff-Appellant. Haks Engineers, P.C., Third-Party Defendant-Respondent. [850 NYS2d 119]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Partnow, J.), entered June 21, 2006, as, upon a jury verdict finding the third-party defendant 40% at fault in the happening of the accident, is conditionally in favor of it and against the third-party defendant in the amount of only 40% of the damages recovered from it by the plaintiffs.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment which is conditionally in favor of the defendant third-party plaintiff and against the third-party defendant in the amount of 100% of the damages recovered by the plaintiffs from the defendant third-party plaintiff.

Contrary to the appellant's contention, the trial court properly denied its motion for judgment as a matter of law on its contractual indemnification cause of action at the close of all the evidence. "[T]he right to contractual indemnification depends upon the specific language of the contract" (*Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939 [1995]; *see Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005]). The indemnification provisions in the contract at issue here required the third-party defendant to indemnify the appellant for personal injuries arising out of the negligent performance of services by the third-party defendant or its employees or any error, omission, or negligent act of the third-party defendant or its employees in the performance of the contract. On this record it cannot be said that "there is no rational process" by which the jury could have found that the third-party defendant was free from negligence (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Accordingly, the Supreme Court properly allowed that question to be decided by the jury, which ultimately found that the third-party defendant's negligence was, in fact, partially responsible for the accident.

Nonetheless, we agree with the appellant's contention that the trial court erred in directing that if the jury found that the

third-party defendant was negligent, and that the negligence was a proximate cause of the accident, it was to assign a percentage of fault to the third-party defendant. Where, as here, an owner or general contractor is only held vicariously liable for violating the provisions of the Labor Law, that owner or general contractor is entitled to full common-law indemnification from the party actually responsible for the incident (*see Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687, 691 [2006]). In other words, the principles of common-law indemnification allow the party held vicariously liable to shift the entire burden of the loss to the actual wrongdoer (*see Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687 [2006]). Although the jury was instructed to consider only the third-party defendant's negligence, there was no legal basis upon which the jury should have been instructed to allocate fault. Since the jury found that the third-party defendant was negligent, and that finding has not been appealed, the judgment must be reversed and an amended judgment must be entered awarding the appellant full common-law indemnification against the third-party defendant for the amount of its settlement with the plaintiffs. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.