[910 NE2d 422, 882 NYS2d 674]

SEVERINO CUNHA et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. HAKS ENGINEERS, P.C., Third-Party Defendant-Appellant.

Argued April 30, 2009; decided June 9, 2009

**POINTS OF COUNSEL**

*Milber Makris Plousadis & Seiden, LLP,* White Plains (*Michael A. Heran* of counsel), for third-party defendant-appellant. I. The City of New York, by voluntarily conceding liability to plaintiff pursuant to Labor Law § 241 (6) without any determination having been made by a judge or jury that a violation occurred, classifying its liability as purely vicarious, and making a voluntary settlement payment to plaintiff to secure its release, cannot now recover 100% common-law indemnification from HAKS Engineers, P.C., an engineering inspection firm adjudged to be only 40% at fault. (*Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643; *D'Ambrosio v City of New York,* 55 NY2d 454; *Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola,* 134 NY 461; *Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Midura v 740 Corp., LLC,* 31 AD3d 401; *Sarmiento v Klar Realty Corp.,* 35 AD3d 834; *McDermott v City of New York,* 50 NY2d 211; *Rosado v Proctor & Schwartz,* 66 NY2d 21; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *McGurran v DiCanio Planned Dev. Corp.,* 251 AD2d 467.) II. At most,

the City of New York established its entitlement to partial contractual indemnification for the 40% of damages that arose out of and/or were caused by HAKS Engineers, P.C.'s negligence. (*Madeira v Affordable Hous. Found., Inc.,* 315 F Supp 2d 504, 469 F3d 219; *Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Vey v Port Auth. of N.Y. & N. J.,* 54 NY2d 221; *Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888; *Stern's Dept. Stores, Inc. v Little Neck Dental,* 11 AD3d 674; *Mejia v Trustees of Net Realty Holding Trust,* 304 AD2d 627; *Sievert v Morlef Holding Co.,* 241 AD2d 445; *Brooks v Judlau Contr., Inc.,* 11 NY3d 204.)

*Smith Mazure Director Wilkins Young & Yagerman, P.C.,* New York City (*Joel M. Simon* of counsel), for defendant and third-party plaintiff-respondent. I. HAKS Engineers, P.C. must provide 100% indemnification to the City of New York. (*People v Evans,* 94 NY2d 499; *Degliuomini v Degliuomini,* 12 AD3d 634; *Senf v Staubitz,* 11 AD3d 997; *George W. Collins, Inc. v Olsker-McLain Indus.,* 22 AD2d 485; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Violette v Armonk Assoc., L.P.,* 849 F Supp 923; *Coleman v City of New York,* 91 NY2d 821; *Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343; *Moshiri v Batista,* 54 AD3d 738; *Barry v Manglass,* 55 NY2d 803.) II. The lower court should have granted the City of New York's motion for a directed verdict seeking contractual indemnification against HAKS Engineers, P.C. (*Moshiri v Batista,* 54 AD3d 738; *Barry v Manglass,* 55 NY2d 803; *Passantino v Consolidated Edison Co. of N.Y.,* 54 NY2d 840; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Hageman v Santasiero,* 277 AD2d 1049; *Brooks v Judlau Contr., Inc.,* 11 NY3d 204.)

## OPINION OF THE COURT

PIGOTT, J.

Plaintiff was injured while working on a roadway excavation in Brooklyn. The City of New York had hired plaintiff's employer, JLJ Enterprises, Inc., as the prime contractor for the work and HAKS Engineers, P.C. to perform engineering inspection services in connection with the project. The contract between the City and HAKS contained certain indemnification provisions.

On May 14, 2002, city employees, as well as inspectors from Verizon and Con Ed, who were present on the job site, had determined that because a trench had telephone and cable lines running through it, it could no longer be cleared by machinery. As a result, plaintiff was ordered by JLJ to go into the trench to

dig by hand. Because the trench was not protected by any shoring or sheeting, it collapsed, causing injury to plaintiff.

On November 15, 2002, plaintiff and his wife commenced a personal injury action against the City, alleging violations of Labor Law §§ 200, 240 and/or 241. In turn, the City commenced a third-party action against HAKS seeking to recover on theories of contractual and common-law indemnification.

The City moved for summary judgment dismissing plaintiff's Labor Law § 200 claim as well as for judgment on its third-party claim for indemnification against HAKS. That motion was denied. Thereafter, further discovery was conducted and a trial date was scheduled.

Four days before trial, the City renewed its motion for summary judgment by order to show cause. By an order, dated April 3, 2006, Supreme Court granted in part the City's motion, dismissing the Labor Law § 200 claim.

On the date trial was to commence on plaintiff's remaining Labor Law § 241 (6) cause of action,* the parties indicated that a settlement agreement had been reached. The agreement provided that plaintiff was to receive $1.2 million, of which the City was to pay $800,000 and HAKS was to pay $400,000. The City conceded a violation of Labor Law § 241 (6) premised on a violation of Industrial Code (12 NYCRR) § 23-4.1 *et seq.* to wit: The shoring and trench where the accident occurred was greater than five feet and the trench collapsed causing injury to plaintiff.

Despite the settlement agreement, the City and HAKS disputed the issue of liability and apportionment between them and the case proceeded to trial on the third-party action. At the end of the trial, the jury was asked to answer three questions on the verdict sheet, namely (1) "Was the defendant [HAKS] negligent?"; if so, (2) "Was the negligence of the defendant [HAKS] a substantial factor in bringing about the accident?"; and (3) "What is the percentage of fault of: Defendant [HAKS]?" The City objected to the third question, arguing that the jury should not be asked to apportion liability.

The jury found HAKS negligent, that its negligence was a substantial factor in bringing about the accident, but that it was only 40% at fault for plaintiff's accident. The jury was not asked to, and did not, say where the other 60% of the fault lay.

After the jury was discharged, the City moved for a verdict to be directed against HAKS in total of 100% based on the contract

---

* The Labor Law § 240 claim was previously withdrawn.

indemnification clauses. The City argued that because it was only vicariously liable and had no active negligence, it was entitled to a directed verdict on indemnity. Supreme Court denied the motion. The City appealed.

The Appellate Division reversed on the law and remitted the matter to Supreme Court for an entry of an amended judgment conditionally in favor of the City and against HAKS in the amount of 100% of the damages recovered by plaintiffs from the City (45 AD3d 624 [2007]). As relevant to this appeal, the court held that because the City was only vicariously liable for violating the provisions of the Labor Law, it was entitled to full common-law indemnification from HAKS, the party actually responsible for the incident (*id.* at 626). Thus, the court held that it was error for the jury to be instructed to allocate fault (*id.*). It concluded that "[s]ince the jury found that [HAKS] was negligent, and that finding has not been appealed, the judgment must be reversed and an amended judgment must be entered awarding the [City] full common-law indemnification against [HAKS] for the amount of its settlement with the plaintiffs" (*id.*).

The same panel denied HAKS' motion to reargue or for leave to appeal to this Court. We granted leave to appeal (11 NY3d 709 [2008]) and now affirm.

This Court has recognized that an owner held strictly liable under the Labor Law is entitled to "full indemnification from the party wholly at fault" (*Chapel v Mitchell*, 84 NY2d 345, 347 [1994]). While the duty imposed by section 241 may not be delegated, the burden may be shifted to the party actually responsible for the accident, either by way of a claim for apportionment of damages, or by contractual language requiring indemnification (*see Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 301 [1978]).

We disagree with HAKS that common-law indemnity does not lie because the City was never held to be vicariously liable to plaintiff by a judgment of the court. The fact that the City voluntarily elected to concede liability on the Labor Law § 241 (6) claim should not preclude an indemnification claim. Assuming, as HAKS contends, that the City had the burden of proving its own vicarious liability as an element of its third-party claim against HAKS, the City produced sufficient evidence to meet that burden. And assuming that HAKS was entitled to a jury ruling on the issue of whether the City was vicariously liable to

plaintiff, it waived that right by not asking that the issue be submitted to the jury.

Further, it is well settled that a party may settle and then seek indemnification from the party responsible for the wrongdoing as long as the settling party shows that it may not be held liable in any degree (*see Rosado v Proctor & Schwartz*, 66 NY2d 21 [1985]). Here, the issue of the City's active negligence was already determined by the order of the Supreme Court dated April 3, 2006, which dismissed plaintiff's Labor Law § 200 claim against the City. Moreover, during trial, HAKS conceded that the City's active negligence was not at issue; it neither objected to nor disagreed with the court's position that the City did not have any negligence and that its only responsibility was pursuant to Labor Law § 241 (6).

HAKS also raises the issue of the potential liability of other parties and relies on our recent decision in *Frank v Meadowlakes Dev. Corp.* (6 NY3d 687 [2006]) for the proposition that the City is entitled to only partial indemnification from HAKS. In *Frank*, we held that CPLR article 16 limited the amount that can be recovered in indemnity when a tortfeasor's liability is 50% or less. In that case, the injured plaintiff sued the owner of the job site, Meadowlakes, and the general contractor, D.J.H. Enterprises, Inc. (DJH). Meadowlakes thereafter brought a third-party action for indemnification against plaintiff's employer, Home Insulation and Supply, Inc. (Home). Since the claim arose before the 1996 amendment to Workers' Compensation Law § 11, Home was not immune from third-party liability. After a trial, the jury apportioned fault in the amount of 10% to plaintiff, 10% to Home and 80% to DJH. The court also directed a verdict against Meadowlakes and DJH based upon a violation of Labor Law § 240 (1). Plaintiff settled with Meadowlakes for $1.4 million and with DJH for $300,000.

Meadowlakes moved for common-law indemnification against Home for 100% of its settlement liability. Home appealed arguing, as relevant to this appeal, that because it was found only 10% at fault, it should be liable to Meadowlakes for only its proportionate share of negligence. We agreed, finding that Meadowlakes was not entitled to 100% recovery. In doing so, we held that the savings provision of CPLR 1602 (2) (ii) applied and that recovery from Home, as a party found 10% liable, was limited to its proportionate share with respect to noneconomic damages.

This case differs from *Frank*, however, in that no article 16 issue exists inasmuch as no other tortfeasor could be found liable for plaintiff's injuries. HAKS argues that the jury must have found another entity liable as it apportioned only 40% fault to HAKS. This argument is flawed.

A likely interpretation of the jury's verdict is that the jury allocated culpability to plaintiff's employer, JLJ—but JLJ's fault was irrelevant and should not have been before the jury. Plaintiff did not sustain a grave injury and thus his employer was not subject to being part of the action (*see* Workers' Compensation Law § 11; CPLR 1601 [1]). To the extent the jury may have considered plaintiff himself at fault, his negligence must be excluded because he, like JLJ, cannot be an indemnitor (*see Frank*, 6 NY3d at 693). It is unlikely that the jury allocated active fault to the City; to the extent the verdict is unclear on that issue, the burden was on HAKS to clarify it, by proposing an appropriate question to the jury.

Moreover, no apportionment for any other third party was requested by HAKS at any time during the proceedings. No evidence was submitted at trial that any other entity was negligent, nor could have any other entity been found negligent based upon the instructions provided to the jury, the verdict sheet, or the charge provided to the jury. Consequently, once HAKS was found to be negligent—and since HAKS was the only possible negligent party to the lawsuit—the City was entitled to 100% indemnification from HAKS.

Because we find that the City prevails on its common-law indemnification cause of action against HAKS, we need not address its contractual indemnification claim.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.