■ IKEEDA GARVEY, Appellant, v KAMRUL TALUKDER et al., Respondents. [904 NYS2d 379]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered July 23, 2009, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied to the extent of reinstating that portion of the complaint premised on allegations of serious injury involving permanent limitation of use of a body member and permanent limitation of use of a body function or system, and otherwise affirmed, without costs.

Defendants' experts did not address MRIs indicating that plaintiff had suffered lateral and medial tears in her menisci and straightening of the lordosis in her cervical spine. Similarly, none of those experts addressed the EMG results, which showed evidence of bilateral C5-6 radiculitis. Defendants' experts also failed to state what, if any, objective tests they used to lead them to the conclusions that plaintiff had full ranges of motion in her cervical spine and right knee and that the alleged injuries to those body parts had fully resolved. Accordingly, defendants failed to establish prima facie that plaintiff did not sustain a permanent consequential or significant injury in accordance with the statutory threshold (*see Wadford v Gruz*, 35 AD3d 258 [2006]).

To the extent the complaint alleges serious injury by reason of plaintiff's incapacity to perform substantially all of her daily activities for 90 of the first 180 days following the accident, this has not been substantiated by competent medical evidence (*see Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]), and that portion of the complaint was properly dismissed. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.