■ Luis Ramos, Respondent, v New York City Transit Authority, Appellant. [935 NYS2d 6]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). The jury reasonably concluded that defendant's bus was negligent in striking the partially opened door and front panel of plaintiff's car, and rejected the defense theory that plaintiff caused the accident by opening the door into the side of the passing bus. While the jury apparently found that plaintiff was negligent in leaving his door partially open, it fairly found that such negligence was not a substantial factor in causing the accident, in light of the photographic evidence.

Defendant's assertion that the verdict was irreconcilably inconsistent is unpreserved since it failed to raise this issue before the court discharged the jury (*see Gavitt v Citnalta Constr. Corp.*, 33 AD3d 406 [2006]). Were we to review this argument, we would find that "the verdict can be reconciled with a reasonable view of the evidence" (*Rodriguez v New York City Tr. Auth.*, 67 AD3d 511 [2009]).

The awards for past and future pain and suffering do not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). The evidence showed that as a result of the accident, plaintiff, who was 59 years old at the time, sustained multiple disc herniations in his lumbar spine, and four years after the accident underwent a combined discectomy, laminectomy and spinal fusion of his lumbar spine, with insertion of metal plates and screws, which did not provide relief (*see e.g. Vargas v ML 1188 Grand Concourse, L.P.*, 24 AD3d 104 [2005]; *Valentin v City of New York*, 293 AD2d 313 [2002]). Furthermore, plaintiff's medical expert testified with respect to the permanency of plaintiff's pain, his loss of function, and nerve damage, and defendant did not challenge this testimony by calling its own expert (*see Rubin v First Ave. Owners*, 209 AD2d 367 [1994]). Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.

■ Charles Mensah, Respondent, v Salah Enterprises, Inc., et al., Appellants. [934 NYS2d 156]—

Defendants did not establish their entitlement to judgment as a matter of law. Defendants submitted affirmed medical reports of an orthopedist and a neurologist, who both examined plaintiff and found that he had normal ranges of motion in his lumbar spine and knees. However, the failure to indicate the objective tests used to determine the range of motion in plaintiff's lumbar spine precludes the grant of summary judgment (*see Garvey v Talukder*, 74 AD3d 477 [2010]; *Beazer v Webster*, 70 AD3d 587 [2010]).

In view of the foregoing, it is not necessary to consider plaintiff's opposition to the motion (*see Reyes v Diaz*, 82 AD3d 484 [2011]). Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.