Matter of New York City Asbestos Litig. (2019 NY Slip Op 02414)





Matter of New York City Asbestos Litig.


2019 NY Slip Op 02414


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


190415/12 -8289B 8289A 8289

[*1] In re New York City Asbestos Litigation.
v
Bell & Gossett Company, et al., Defendants, Consolidated Edison Company of New York, Inc., Defendant-Respondent-Appellant.


Weitz & Luxenberg, P.C., New York (Alani Golanski of counsel), for appellant-respondent.
Venable LLP, New York (Edward P. Boyle of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered December 19, 2017, to the extent appealed from, upon a jury verdict in favor of plaintiff and apportioning liability 30% to defendant Consolidated Edison of New York, Inc. (Con Ed), capping the net verdict against Con Ed at 30%, unanimously reversed, on the law, without costs, and the judgment vacated. The Clerk is directed to enter an amended judgment apportioning 65% of plaintiff's total recovery against Con Ed. Appeal from order, same court and Justice, entered on or about December 12, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court (Sherry Klein Heitler, J.), entered on or about October 11, 2013, which denied Con Ed's motion for summary judgment dismissing the complaint as against it, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The sole issue on this appeal is the attribution of liability as between Con Ed and nonparty Robert A. Keasbey, Co. (Keasbey). Plaintiff's decedent, Harry E. Brown, contracted mesothelioma and died as a result of his exposure to asbestos. He was exposed to asbestos during his work installing insulation at various commercial sites from 1958 to 1974. For approximately three months in 1958, Brown worked for nonparty Asbestos Construction Company at the powerhouse in Astoria, Queens. Keasbey was also a subcontractor there. While there, Brown worked in close proximity to Keasbey employees, who used asbestos-containing concrete products, including Rex and Rakco concrete manufactured by Keasbey. From the winter of 1964 until the spring of 1965, Brown worked for Keasbey as an asbestos installer at the Con Ed plant in Ravenswood, Queens, and used Rex and Rakco. From 1965 to 1973, he worked for other companies. From 1973 to 1974, Brown again worked for Keasbey.
Plaintiff's case against Con Ed and three other defendants under Labor Law § 200 came to trial in 2014. The jury also heard testimony purporting to show liability against 19 other nonparty companies, including Keasbey. The judge instructed the jury, inter alia, that plaintiff had the burden of proving that Con Ed was negligent, and that defendant had "the burden of proving that other companies were negligent and that these companies' negligence was a substantial factor in causing Mr. Brown's . . . disease." She then charged the jury on negligence and generally on the duty of a manufacturer, and told the jury that these charges applied to defendant's "claims against the other companies." The judge did not specifically mention Keasbey when charging the jury.
Keasbey is listed on Section IV of the special verdict sheet, entitled "Other Companies," along with other nonparties. The jury was asked to answer: (1) whether Brown was exposed to asbestos "from products made, sold, distributed and/or used in connection with products or equipment by any" of the listed companies; (2)if so, as to any, whether that company failed to exercise reasonable care by not adequately warning Brown of the risks associated with asbestos exposure; and (3) if so, whether its failure was a contributing factor in Brown's mesothelioma. No description appears next to Keasbey's name on the special verdict sheet that would indicate that it was subject to liability as a manufacturer or as an employer. Some of the listed nonparty companies were manufacturers of asbestos products. The list also includes Lilco, which was a plant owner, and Allis-Chalmers, Con Ed's general contractor.
The jury found that Brown had been exposed to asbestos at Ravenswood, that Con Ed had exercised supervision and control over workers at the powerhouse and had failed to exercise reasonable care to make its worksite reasonably safe, and that Con Ed's failure to exercise reasonable care to make the worksite reasonably safe was a substantial contributing factor in causing Brown's injuries. The jury also found, inter alia, that the failure of other entities, including Keasbey, to give Brown adequate warning about the potential hazards of exposure to asbestos was a substantial contributing factor in the development of his mesothelioma. As relevant to this appeal, the jury apportioned liability 30% to Con Ed and 35% to Keasbey.
Plaintiff submitted to the trial court a proposed judgment apportioning to Con Ed 65% of the net verdict (combining the 30% to Con Ed and the 35% to Keasbey, pursuant to CPLR 1602[4], because Keasbey was Brown's employer and therefore could not be sued directly by plaintiff, while Con Ed could proceed against Keasbey for indemnification or contribution, as Brown had suffered a "grave injury" under Workers' Compensation Law § 11). Con Ed proposed a judgment in which it was apportioned liability in the percentage the jury found, on the ground that its apportioned share was less than 50% (see CPLR 1601). The trial court adopted Con Ed's proposed judgment, from which plaintiff now appeals. For the reasons discussed below, we hold that the trial court erred in adopting Con Ed's proposed judgment.
As Con Ed concedes, plaintiff is barred from suing Keasbey for the time periods in which Brown was exposed to Rex and Rakco as an employee of Keasbey (see Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 158-159 [1980] [rejecting the "dual capacity" doctrine as applied to permit employees to sue employers in their capacity as manufacturers]). Accordingly, CPLR 1602(4) would apply and permit allocation to Con Ed of Keasbey's share of liability for those periods.
Con Ed argues, however, that liability can be apportioned to Keasbey for the time period in which Brown was employed by another company at the Astoria power plant where Keasbey workers used Rex and Rakco in Brown's vicinity. Plaintiff counters that Workers' Compensation Law § 44, which requires that the last employer pay all Workers' Compensation benefits that could have been collected from other employers for the same disease, applies for all of Brown's periods of employment, even as to exposures occurring during a time when he was employed by other companies using Keasbey products. Since plaintiff and Brown collected Workers' Compensation benefits from Keasbey pursuant to Workers' Compensation Law § 44, plaintiff argues that Workers' Compensation Law § 11 bars her from suing Keasbey for Brown's exposure to Rex and Rakco during periods when Brown was employed by a different employer and worked at the Astoria plant.
We do not reach either Con Ed's or plaintiff's argument for two reasons. First, we reject Con Ed's argument that the jury understood Keasbey to have been included on the special verdict sheet only as a manufacturer. The distinction (Keasbey as manufacturer, rather than employer) was not clearly communicated to the jury in the verdict sheet, in the court's charges, or in Con Ed's summation.
Second, it is unlikely that the jury assessed 35% of liability to Keasbey in any capacity other than as Brown's employer at Con Ed's Ravenswood plant. Out of the many pages of Brown's deposition testimony read into the trial record, only two covered Brown's brief description of encountering Keasbey workers using Rex and Rakco near him at the Astoria powerhouse when he worked for another company. In contrast, Con Ed's entire defense to [*2]plaintiff's Labor Law § 200 claim was that Keasbey alone was at fault for the unsafe manner in which Keasbey supervised and controlled Brown's work at Con Ed's Ravenswood plant. Accordingly, at trial, Con Ed attempted to ascribe as much fault as possible to Keasbey in its role as Brown's employer at the Ravenswood plant. The jury assessed 30% liability to Con Ed for failing to exercise reasonable care in making the Ravenswood powerhouse safe. It is unlikely that the jury would have shifted its focus away from Ravenswood to assess 35% of liability to Keasbey in its role as the manufacturer of Rex and Rakco for the brief three month period in 1958 when Brown worked for another company at the Astoria plant, regardless of Con Ed's intent that the special verdict sheet questions address Keasbey's role solely as manufacturer.
Thus, plaintiff established prima facie that CPLR 1602(4) applied, as Keasbey was Brown's employer and Brown suffered a grave injury. To the extent that the verdict is unclear as to whether the jury apportioned liability to Keasbey to any degree in its role as manufacturer, Con Ed, as the proponent of the theory that it could limit that portion of Keasbey's liability for which it was jointly and severally liable, failed to meet its burden to object to the verdict sheet and charges and to propose an appropriate and clarifying question (see Cunha v City of New York, 12 NY3d 504, 510 [2009]).
With respect to Con Ed's cross appeal from the motion court's denial of its pretrial summary judgment motion, we considered Con Ed's arguments on this issue in a prior appeal and rejected them (146 AD3d 461 [1st Dept 2017], appeal dismissed 29 NY3d 1141 [2017]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK