Paulino v MTA Bus Co. (2021 NY Slip Op 00502)





Paulino v MTA Bus Co.


2021 NY Slip Op 00502


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 450358/16 Appeal No. 12999 Case No. 2020-02930 

[*1]John Alberto Paulino, Plaintiff-Respondent,
v
MTA Bus Company et al., Defendants-Appellants.


Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace (William E. Morrissey Jr. of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York (Oliver R. Tobias of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about February 24, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to demonstrate conclusively that plaintiff opened the door of his parked car when it was not safe to do so, in violation of Vehicle and Traffic Law § 1214, and therefore was the sole proximate cause of the accident in which he and the open car door were struck by defendant MTA's bus. Defendant bus operator testified that he never saw plaintiff or the open car door before the accident, which occurred after he had pulled the bus forward after a light turned green, and that plaintiff opened his door into the side of the bus that was aligned with his car. However, while there is no dispute that the door was "on the side available to moving traffic" (id.), there is evidence that plaintiff opened the door while traffic was stopped and that there was sufficient room for cars to pass without hitting him or his car. Moreover, plaintiff testified that the bus struck his back and the edge of the car door while he was getting into the car. The conflicting testimony and the incompleteness of the video footage submitted by defendants, even if properly authenticated and considered, presents issues of fact as to whether plaintiff violated Vehicle and Traffic Law § 1214. There are also issues of fact as to whether the bus operator exercised reasonable care or should have seen plaintiff and the open door before moving the bus forward and should have been able to avoid the contact (see Sayed v Aviles, 72 AD3d 1061 [2d Dept 2010]; see also Ramos v New York City Tr. Auth., 90 AD3d 492 [1st Dept 2011]; see generally Vehicle and Traffic Law § 1146[a]; 1162). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021