Gjeka v Iron Horse Transp., Inc. (2021 NY Slip Op 00995)





Gjeka v Iron Horse Transp., Inc.


2021 NY Slip Op 00995


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 304692/12 Appeal No. 13120 Case No. 2019-04165 

[*1]Martin Gjeka et al., Plaintiffs-Respondents,
v
Iron Horse Transport, Inc., et al., Defendant-Respondent-Appellants, 108-11 East 116th Street LLC, Defendant-Appellant-Respondent.


Milber, Makris, Plousadis & Seiden, LLP, White Plains (Otto Cheng of counsel), for appellant-respondent.
Law office of Thomas Torto, New York (Thomas Torto of counsel), for Iron Horse Transport, Inc. and Michael Busch, respondents-appellants.
Mauro Lilling NaParty, LLP, Woodbury (Anthony F. DeStefano of counsel), for Re-Steel Supply Company, Inc., respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Martin Gjeka and Drite Gjeka, respondents.



Judgment, Supreme Court, Bronx County (Donna M. Mills, J.), entered September 27, 2019, after a jury trial, awarding plaintiffs damages, unanimously modified, on the law and the facts, to vacate the awards for past pain and suffering, past loss of consortium, and future medical expenses, and to order a new trial as to damages for past pain and suffering and past loss of consortium, unless plaintiffs stipulates, within 30 days of entry of this order, to a reduction of those awards to $500,000 for past pain and suffering and $300,000 for past loss of consortium and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
Plaintiff Martin Gjeka (plaintiff) was directing traffic around an unguarded trench in the street when a tractor trailer driven by defendant Michael Busch struck him, causing him to fall into the pit. The roadway was being excavated for the installation of new sewer lines for a building under construction owned by defendant 108-110 East 116th Street LLC (LLC). Plaintiff's employer, nonparty Express Plumbing, Inc., which was retained to install the sewer line, was responsible for digging the trench. The tractor was owned by defendant Iron Horse Transport, Inc., Busch's employer (with Busch, Iron Horse defendants), and the flatbed trailer attached to the tractor was owned by defendant Re-Steel Supply Company, Inc. (Re-Steel).
The trial court correctly denied defendants' motions to set aside the jury's apportionment of 95% fault to defendant LLC. The jury charge and interrogatories were proper. Although this Court had determined in a prior appeal that LLC was not actively negligent but vicariously liable under Labor Law §§ 240(1) and 241(6) for the absence of a barrier or safety railing around the trench (Gjeka v Iron Horse Transp., Inc., 151 AD3d 463 [1st Dept 2017]), it was still necessary for the jury to determine the extent to which the unguarded trench and defendant Busch's operation of the tractor trailer contributed to the accident. LLC's remedy was to seek indemnification by the active tortfeasor, Express Plumbing (see Cunha v City of New York, 12 NY3d 504, 508 [2009]). To the extent LLC could not have sought common-law indemnification due to the absence of a "grave injury" sustained by plaintiff (see Workers' Compensation Law § 11), it could have sought contractual indemnification (see Cunha, 12 NY3d at 508). LLC's claim of entitlement to common-law indemnification against Iron Horse defendants and Re-Steel is misplaced, as LLC is vicariously liable for Express Plumbing's failure to guard the trench, not for acts or omissions related to the operation of the tractor trailer (see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1st Dept 1999]).
The court also properly declined to set aside the apportionment of 5% fault to Busch and reinstate the initial verdict of not negligent. The verdict that Busch was negligent is supported by sufficient evidence, and is [*2]not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Plaintiff, his foreman, and LLC's representative testified consistently that Busch was driving 25-35 mph through the work area when the rig struck plaintiff and knocked him into the unguarded trench. Re-Steel's and Iron Horse defendants' arguments challenging the rationality of the jury verdict merely implicate factual and credibility issues, which were for the jury to decide, and we perceive no basis for disturbing the jury's determinations.
We also reject Re-Steel's and Iron Horse defendants' arguments that a new trial is warranted because the cumulative effects of the trial court's rulings deprived them of a fair trial. As indicated, the jury charge and interrogatories were proper, and any claim that they confused the jury into apportioning fault is speculative. The court also properly precluded proof of plaintiff's comparative fault, as there was no evidence that plaintiff's acts contributed to his being struck by the tractor trailer. Regardless of the placement of the cones or how he was performing his duties as a "flagperson," the trial evidence demonstrates that plaintiff was standing well within the work area demarcated by the cones when Busch struck him. We note that the testimony of Iron Horse defendants' expert as to proximate causation was unnecessary, as the determination of that issue was within the ken of the typical juror (see De Long v County of Erie, 60 NY2d 296, 307 [1983]).
The jury awards of $1,500,000 for past pain and suffering (6 years) and $500,000 for past loss of consortium (6 years) deviate materially from reasonable compensation (CPLR 5501[c]), and we reduce them as indicated (see Hernandez v Consolidated Edison Co. of N.Y., Inc., Sup Ct, Bronx County, September 22, 2015, Howard H. Sherman, J. [2015 WL 6112112], affd 144 AD3d 501 [1st Dept 2016]; Ramos v New York City Tr. Auth., 90 AD3d 492 [1st Dept 2011]; Robles v Polytemp, Inc., 127 AD3d 1052, 1055 [2d Dept 2015]).
The award of $600,000 for future medical expenses (26 years) must be vacated. Plaintiff failed to serve a CPLR 3101(d)(1)(i) expert disclosure notifying defendants that his treating physician would testify to his future medical needs and associated expenses, and defendants had no other notice of this testimony (see Hamer v City of New York, 106 AD3d 504, 509 [1st Dept 2013]; Breen v Laric Entertainment Corp., 2 AD3d 298 [1st Dept 2003]; Ryan v City of New York, 269 AD2d 170 [1st Dept 2000]).
Accordingly, testimony on this issue should have been precluded (see Mulligan v New York Cornell Med. Ctr., 304 AD2d 492 [1st Dept 2003]). In any event, the testimony was insufficient to prove the award with "reasonable certainty" (Hernandez v New York City Tr. Auth., 52 AD3d 367, 369 [1st Dept 2008]). The physician never prepared a report on plaintiff's further medical need; he was asked about it for the first time on direct examination, and he admitted that he was testifying[*3]"off the top of [his] head."
The trial testimony and documentary evidence related to plaintiff's wages from
2011 and 2012 sufficiently support the award of $196,000 for past lost earnings (for 6 years) and the award of $450,000 for future lost earnings (for 26 years). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021