Cabral v Rockefeller Univ. (2023 NY Slip Op 02738)

Cabral v Rockefeller Univ.

2023 NY Slip Op 02738

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ.

Index No. 156724/16, 595221/17, 595627/21 Appeal No. 97 Case No. 2022-04918 

[*1]Christopher Cabral et al., Plaintiffs,
v
The Rockefeller University et al., Defendants-Appellants-Respondents.
The Rockefeller University et al., Third-Party Plaintiffs-Appellants-Respondents,
v
The Prince Manufacturing Company, Third-Party Defendant.
The Rockefeller University et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
Northern Tool & Equipment Catalog Company, LLC, et al., Second Third-Party Defendants- Respondents-Appellants.

Cozen O'Connor, New York (Eric J. Berger of counsel), for appellants-respondents.
Stinson LLP, New York (Kieran M. Corcoran of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered on or about October 3, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of Northern Tool & Equipment Catalog Company, LLC, Northern Tool & Equipment Catalog Holdings, Inc., Northern Tool & Equipment Company, Inc. and Northern Tool & Equipment Parts, LLC (collectively Northern), to the extent of dismissing the common-law indemnity and common-law contribution claims of The Rockefeller University (Rockefeller) and Turner Construction Company (Turner) in their third-party complaint against Northern, and denying so much of that motion seeking dismissal of Turner-Rockefeller's third-party claims against Northern for contractual indemnity and breach of an insurance procurement clause, unanimously modified, on the law, to reinstate the third-party claim for common-law indemnity, and otherwise affirmed, without costs. Cross-appeal by Northern from the aforesaid order, unanimously dismissed, without costs.
Northern moved to dismiss the third-party complaint pursuant to CPLR 3211(a)(7). Thus, the facts as alleged in the complaint are to be accepted as true, and plaintiff must be accorded the benefit of every reasonable inference, with the court's function being to determine only whether the facts, as alleged, fit within any cognizable legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 289 [1st Dept 2003]). Turner and Rockefeller, which were found liable pursuant to Labor Law § 241(6) in connection with a summary judgment motion made by plaintiff, adequately pleaded a cause of action in their amended second third-party complaint for common-law indemnity against Northern (see Cunha v City of New York, 12 NY3d 504, 508-510 [2009]; Kemp v Lakelands Precast, 55 NY2d 1032 [1982]; Gjeka v Iron Horse Transp., Inc., 191 AD3d 526 [1st Dept 2021]). However, the claim for contribution was correctly dismissed (see Shelton v Chelsea Piers, L.P., 214 AD3d 490 [1st Dept 2023]; see also Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646 [1988] ["where one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent"] [internal quotation marks omitted]).
In Northern's cross-appeal, it argues only that the motion court should have dismissed the causes of action in the amended second third-party complaint for contractual indemnity and breach of contract for failure to procure insurance. Since there was no change in those causes of action from what was asserted in the original second third-party complaint and the motion court already denied Northern's motion to dismiss those causes of action, Northern's motion was an untimely motion to reargue.
Accordingly, we dismiss its appeal as no appeal lies from denial of a motion to reargue.
THIS CONSTITUTES THE DECISION AND [*2]ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023