Cabral v Rockefeller Univ. (2023 NY Slip Op 06436)

Cabral v Rockefeller Univ.

2023 NY Slip Op 06436

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 156724/16 , 595221/17 Appeal No. 1217-1218 Case No. 2022-01851, 2022-01860 

[*1]Christopher Cabral et al., Plaintiffs-Respondents-Appellants,
v
The Rockefeller University et al., Defendants-Appellants-Respondents.

The Rockefeller University et al., Third-Party Plaintiffs-Appellants- Respondents.
v
The Prince Manufacturing Company, Third-Party Defendants.
The Rockefeller University et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
Northern Tool & Equipment Catalog Company, LLC, et al., Second Third-Party Defendants-Respondents-Appellants.

Cozen O'Connor, New York (Eric J. Berger of counsel), for appellants-respondents.
Elefterakis, Elefterakis & Panek, New York (Eileen Kaplan of counsel), for Christopher Cabral and Jaime Cabral, respondents-appellants.
Stinson LLP, New York (Kieran M. Corcoran of counsel), for Northern Tool & Equipment Catalog Company, LLC, Northern Tool & Equipment Catalog Holdings, Inc., Northern Tool & Equipment Company, Inc., and Northern Tool & Equipment Parts, LLC, respondents-appellants.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered on or about February 18, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on their Labor Law § 241(6) claim, and denied so much of second third-party defendants Northern Tool & Equipment Catalog Company, LLC, Northern Tool & Equipment Catalog Holdings, Inc., Northern Tool & Equipment Company, Inc. and Northern Tool & Equipment Parts, LLC (Northern)'s motion to dismiss defendants Rockefeller University and Turner Construction Company's contractual claims, unanimously modified, on the law, to deny plaintiffs' motion for partial summary judgment on their Labor Law § 241(6) claim, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 24, 2022, which denied so much of defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241(6) claim, and granted so much of the same motion dismissing plaintiffs' Labor Law §§ 200 and 240(1) claims, unanimously affirmed, without costs.
Plaintiffs failed to establish their prima facie entitlement to summary judgment on their Labor Law § 241(6) claim based on Industrial Code (12 NYCRR) § 23-9.2(a), as they failed to adduce evidence that defendants or their subcontractors violated that provision by being on notice of a defect in the hydraulic arm that injured plaintiff and failed either to repair it or remove it from service (see Misicki v Caradonna, 12 NY3d 511, 521 [2009]; Salsinha v Malcolm Pirnie, Inc., 76 AD3d 411, 412 [1st Dept 2010]). Plaintiffs also failed to adduce evidence of prior notice as to whether the arm was sound and operable at the time of plaintiff's accident so as to support a violation of Industrial Code (12 NYCRR) § 23-1.5(c) (see Shaw v Scepter, Inc., 187 AD3d 1662 [4th Dept 2020]; Nicola v United Veterans Mut. Hous. No. 2, Corp., 178 AD3d 937, 940 [2d Dept 2019]). Defendants, however, were not entitled to summary judgment dismissing these claims as they failed to establish their prima facie burden (see Lopez v City of New York, 203 AD3d 405, 406 [1st Dept 2022]).
Plaintiffs' Labor Law § 240(1) claim was properly dismissed as this accident was not caused by the application of the force of gravity to an object (see Joseph v City of New York, 143 AD3d 489, 490 [1st Dept 2016], lv denied 33 NY3d 904 [2019]; Medina v City of New York, 87 AD3d 907, 909 [1st Dept 2011]). Plaintiffs' arguments in support of reinstating their Labor Law § 200 claim are unpreserved for appellate review because they failed to oppose that part of defendants' motion which sought summary dismissal of those claims (see Howard v Turner Const. Co., 134 AD3d 523, 524-525 [1st Dept 2015]; see also Sinchi v HWA 1290 III LLC, 184 AD3d 408, 409 [1st Dept 2020]).
Defendants' arguments concerning their third-party common-law indemnity and contribution claims against Northern were rendered moot by service of defendants' amended complaint[*2](see Hawthorne v O'Keefe, 53 AD2d 534 [1st Dept 1976]). Northern's arguments that defendants' contractual claims should be dismissed are insufficiently supported. In any event, defendants' and Northern's arguments concerning the third-party complaint have already been heard and decided by this Court in connection with an appeal relating to the amended third-party complaint (see Cabral v Rockefeller Univ., 216 AD3d 527 [1st Dept 2023]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023