■ LANA MONTOUR et al., Respondents, v CITY OF NEW YORK, Defendant, and GRACE INDUSTRIES, INC., Defendant and Third-

Party Plaintiff-Respondent. MARTIN IRON & CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. (And Another Title.) [704 NYS2d 123] —In an action to recover damages for personal injuries and wrongful death, etc., the third-party defendant second third-party plaintiff Martin Iron & Construction Corp. appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Bruno, J.), dated November 18, 1997, as granted that branch of the cross motion of the defendant third-party plaintiff and third third-party plaintiff Grace Industries, Inc., which was for partial summary judgment against it in the third-party action on the issue of contractual indemnification, and denied that branch of the same cross motion which was for summary judgment against it in the third-party action on the issue of common-law indemnification on the ground that issues of fact exist concerning the employment of nonparty Michael Burke, and (2) so much of an order of the same court, dated February 23, 1999, as (a) upon granting that branch of its motion which was for leave to reargue and renew the cross motion of Grace Industries, Inc., for partial summary judgment, adhered to the prior determination, and (b) denied that branch of its motion, denominated as one to renew, but which was in fact for leave to reargue and upon reargument to rescind the determination that an issue of fact existed as to the employment of the nonparty Michael Burke. The second and third third-party defendant, Gem Erectors Co., Inc., separately appeals, as limited by its brief, from so much of the order dated November 18, 1997, as granted the plaintiffs' motion for partial summary judgment on the issue of liability against the defendant third-party plaintiff and third third-party plaintiff Grace Industries, Inc., and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the appeal by Martin Iron & Construction Corp. from so much of the order dated November 18, 1997, as denied that branch of the same cross motion which was for summary judgment against it in the third-party action on the issue of common-law indemnification on the ground that issues of fact exist is dismissed, as it is not aggrieved by that portion of the order; and it is further,

Ordered that the appeal by Martin Iron & Construction Corp. from the remaining portion of the order dated November 18, 1997, is dismissed, as the remaining portion of the order dated November 18, 1997, was superseded by the order dated February 23, 1999, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated

February 23, 1999, as denied that branch of the motion of the third-party defendant Martin Iron & Construction Corp. which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 18, 1997, is affirmed insofar as appealed from by Gem Erectors Co., Inc.; and it is further,

Ordered that the order dated February 23, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the appellants appearing separately and filing separate briefs.

While the decedent was removing steel rivets approximately 60 feet above a roadway, the elevated platform on which he was standing collapsed and he fell to his death. The general contractor, Grace Industries, Inc. (hereinafter Grace), had subcontracted the structural steel rehabilitation portion of the project to Martin. Martin subcontracted the structural steel construction and replacement to the second and third third-party defendants, Atlas-Gem Erectors Co., Inc. (hereinafter Atlas) and second and third third-party defendant-appellant Gem Erectors Co., Inc. (hereinafter Gem). The decedent was an employee of Gem. The plaintiffs commenced this action against Grace and the City of New York, among others, to recover damages under certain provisions of the Labor Law. Grace commenced a third-party action against Martin, and Martin commenced a second third-party action against Atlas and Gem for indemnification.

The plaintiffs moved for partial summary judgment on the issue of liability against Grace pursuant to Labor Law § 240 (1). Gem cross-moved for summary judgment dismissing the complaint insofar as asserted against Grace, and Grace cross-moved for partial summary judgment on its claim for contractual indemnification from Martin. The Supreme Court granted the plaintiffs' motion for summary judgment against Grace, granted Grace's cross motion for partial summary judgment against Martin, and denied Gem's cross motion to dismiss the complaint against Grace.

The Supreme Court properly granted partial summary judgment on the issue of liability to the plaintiffs under the Labor Law § 240 (1) cause of action. The collapse of the protective shield, which was not braced or secured in any way, is, prima facie, a violation of Labor Law § 240 (1) (*see, Martinsen v County of Nassau,* 249 AD2d 519; *Chaitovitz v Lewis,* 222 AD2d 392, 393; *Bryan v City of New York,* 206 AD2d 448, 449; *Vessio*

*v Ador Converting & Biasing,* 215 AD2d 648; *Kinsler v LuFour Assocs.,* 215 AD2d 631). Neither Gem nor Grace submitted evidence in admissible form to rebut this prima facie showing.

Contrary to Martin's contention, the Supreme Court properly granted summary judgment to Grace on the issue of contractual indemnification. Martin was contractually obligated by its agreement with Grace to provide all necessary safety devices, which would include the securing of the protective shield. Grace submitted evidence that it neither controlled the decedent's activities or was negligent in any manner, and therefore was entitled to judgment as a matter of law (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). Martin failed to rebut this showing.

The parties' remaining contentions are without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.