■ ANTHONY SCOTTI et al., Appellants, v FEDERATION DEVELOPMENT CORPORATION et al., Respondents. [734 NYS2d 573] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated June 12, 2000, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them and denied their cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (2) an order of the same court, dated January 5, 2001, as, upon reargument, adhered to so much of the original determination as denied that branch of their cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Narkis Funding, L. L. P.

Ordered that the appeal from so much of the order dated June 12, 2000, as denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Narkis Funding, L. L. P., is dismissed, as that part of the order was superseded by the order dated January 5, 2001, made upon reargument; and it is further,

Ordered that the order dated June 12, 2000, is modified, on the law, by (1) deleting the provision thereof granting those branches of the motion of the defendant Narkis Funding, L. L. P., which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and substituting therefor a provision denying those branches of that motion, (2) deleting the provision thereof granting those branches of the motion of the defendant Federation Development Corporation which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), and to recover damages for common-law negligence insofar as asserted against it, and substituting therefor a provision denying those branches of that motion, (3) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Federation Development Corporation and substituting therefor a provision granting that branch of the cross motion, and (4) deleting the provision thereof denying that branch of the motion of the defendant Narkis Funding, L. L. P., which was for summary judgment on its cross claim for common-law and contractual indemnification against the defendant Federation Development Corporation

and, upon searching the record, substituting therefor a provision granting that branch of the motion; as so modified, the order dated June 12, 2000, is affirmed insofar as reviewed, the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) are reinstated, and the causes of action pursuant to Labor Law § 200 and to recover damages for common-law negligence, are reinstated insofar as asserted against the defendant Federation Development Corporation; and it is further,

Ordered that the order dated January 5, 2001, is reversed insofar as appealed from, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against Narkis Funding, L. L. P., is granted, and the order dated June 12, 2000, is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendant Narkis Funding, L. L. P. (hereinafter Narkis) hired the defendant Federation Development Corporation (hereinafter Federation) as the general contractor to renovate premises owned by Narkis in preparation for the tenancy of the New York City Department of Consumer Affairs (hereinafter DCA). The injured plaintiff was hired by the DCA to install a telecommunications system. The contract between Narkis and Federation acknowledged that DCA would hire workers to perform this installation and required Federation to coordinate and cooperate with those workers. While the injured plaintiff was performing the installation, the ladder upon which he was working "kicked out" and fell to the side, causing him to fall. According to the plaintiffs, the accident resulted either from uneven flooring due to the removal and installation of carpeting and tiling, or debris and materials left by electricians at the base of the ladder.

The plaintiffs are entitled to summary judgment against the defendants under Labor Law § 240 (1) because the injured plaintiff, while performing an alteration, sustained injuries when the ladder upon which he was working fell to the side (*see, Joblon v Solow,* 91 NY2d 457, 465; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502). Additionally, those branches of the defendants' motions which were for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 241 (6) should not have been granted because the Industrial Code supports this cause of action (*see,* 12 NYCRR 23-1.7 [e] [2]; *Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 350-351; *Rosemin v Oved,* 254 AD2d 343, 344). Those branches of Federation's motion which were for summary judgment dismissing the plaintiffs' causes of action pursuant to Labor

Law § 200 and to recover damages for common-law negligence insofar as asserted against it should not have been granted. Issues of fact remain regarding whether Federation exercised supervision and control over the work activity which caused the injured plaintiff's fall, or had notice of the hazardous condition which caused the accident (*see, Rizzuto v Wenger Contr. Co., supra*, at 353; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394).

Narkis is entitled to summary judgment regarding its cross claim against Federation for common-law and contractual indemnification. Narkis made out a prima facie case for summary judgment. In opposition, Federation did not raise a triable issue of fact (*see, Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523, 524-525). Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.