■ NASAREEN A. SAEED et al., Respondents, v NY/ ENTERPRISE CITY HOME HOUSING DEVELOPMENT FUND CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant and Third-Party Plaintiff. S&Z WATERPROOFING, INC., Third-Party Defendant-Appellant. (And Another Action.) [755 NYS2d 428] —In an action to recover damages for personal injuries, etc., the third-party defendant, S&Z Waterproofing, Inc., appeals, as limited by its brief and by a stipulation dated September 9, 2002, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated January 22, 2002, as (1) granted that branch of the plaintiffs' motion which was for summary judgment on their Labor Law § 240 (1) cause of action insofar as asserted against the defendant third-party plaintiff NY/Enterprise City Home Housing Development Fund Corporation, (2) granted that branch of the cross motion of the defendants third-party plaintiffs NY/Enterprise City Home Housing Development Fund Corporation and Community Preservation Corporation which was for summary judg-

ment on the third-party cause of action for common-law indemnification insofar as asserted by the defendant third-party plaintiff NY/Enterprise City Home Housing Development Fund Corporation against the appellant, and (3) conditionally granted that branch of the same cross motion which was for summary judgment on the third-party cause of action for common-law indemnification insofar as asserted by the defendant third-party plaintiff Community Preservation Corporation against the appellant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' decedent died as a result of falling from a scaffold while performing construction work on a brownstone in New York City. The defendant third-party plaintiff building owner NY/Enterprise City Home Housing Development Fund Corporation (hereinafter Enterprise) hired the defendant third-party plaintiff LPG Associates, Inc., as general contractor, which in turn hired the third-party defendant S&Z Waterproofing, Inc. (hereinafter S&Z), the decedent's employer, as a subcontractor.

The Supreme Court correctly granted the plaintiffs' motion for summary judgment against Enterprise, since the collapse of the scaffold constituted a prima facie case of liability under Labor Law § 240 (1) (*see Montour v City of New York,* 270 AD2d 236 [2000]; *Jablonski v Everest Constr. & Trade Corp.,* 264 AD2d 381 [1999]), and there was no evidence submitted to rebut this prima facie showing.

In addition, the Supreme Court properly granted that branch of the cross motion which was for summary judgment on the third-party cause of action for common-law indemnification insofar as asserted by Enterprise against S&Z. Enterprise established its prima facie entitlement to summary judgment on its indemnification claim against S&Z by demonstrating that S&Z supervised and had authority and control over the work which gave rise to the decedent's accident (*see Hernandez v Two E. End Ave. Apt. Corp.,* 271 AD2d 570 [2000]), and S&Z failed to demonstrate the existence of a triable issue of fact.

Further, while S&Z supervised and controlled the work giving rise to the accident, there was an issue of fact as to whether the defendant third-party plaintiff Community Preservation Corporation (hereinafter Community Preservation) was an owner or contractor in accordance with Labor Law § 240 (1). Accordingly, the Supreme Court properly conditionally granted that branch of the cross motion which was for summary judgment on the third-party cause of action for common-law

indemnification insofar as asserted by Community Preservation against S&Z in the event that Community Preservation is found liable, as an owner or contractor, for the accident.

S&Z's remaining contentions are without merit. Feuerstein, J.P., Smith, Schmidt and Cozier, JJ., concur.