■ Juan Jose Santos, Plaintiff, v BRE/Swiss, LLC, Defendant, and 450 Park Avenue Associates, LLC, Defendant and Third-Party Plaintiff-Appellant. A Best Contracting Co., Inc., Third-Party Defendant-Respondent. [780 NYS2d 585]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered September 24, 2003, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing plaintiff's negligence claim against it and for summary judgment on its claim of contractual indemnification against third-party defendant A Best Contracting Co., unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff alleges that, while employed, supervised, directed and controlled by third-party defendant A Best, he was injured in a construction accident on defendant's premises. An I-beam, which had been tied with a knot by employees of A Best and was being lowered to the ground where he was standing, fell on him when the knot came loose.

The motion court properly dismissed plaintiff's Labor Law § 200 claim upon its finding that defendant established that it neither directed nor supervised plaintiff's work. For the same reason, plaintiff's common-law negligence claim should have been dismissed as well (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 191-192 [2003]).

The indemnification agreement between defendant and A Best provides for A Best to indemnify defendant against any loss arising out of A Best's performance or acts or omissions or the acts or omissions of any of its employees. It does not, by its terms, provide for indemnification against claims arising out of A Best's work only when A Best was negligent. Thus, the court improperly denied summary judgment to defendant on the ground that issues of fact exist as to whether A Best was negligent and, if so, whether its negligence proximately caused plaintiff's injuries. In the absence of any proof that defendant was negligent, the court should have granted it summary judgment on its claim of contractual indemnification against A Best (*see Walsh v Morse Diesel, Inc.*, 143 AD2d 653, 654-655 [1988]). Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.