■ Scott Moss, Plaintiff, v McDonald's Corporation et al., Respondents, and All American Contracting Corporation, Appellant. [825 NYS2d 497]—

In an action to recover damages for personal injuries, the defendant All American Contracting Corporation appeals from an order and interlocutory judgment (one paper) of the Supreme Court, Nassau County (Lally, J.), entered May 26, 2005, which granted those branches of the separate cross motions of the defendants HVCA, LLC, and McDonald's Corporation which were for summary judgment on their cross claims against it for contractual indemnification, and adjudged that All American Contracting Corporation was required to indemnify those defendants for any judgment entered against them in the action.

Ordered that the order and interlocutory judgment is reversed, on the law, with one bill of costs, and those branches of the separate cross motions of the defendants HVCA, LLC, and McDonald's Corporation which were for summary judgment on their cross claims for contractual indemnification are denied.

While a party "who is held liable in the absence of negligence, pursuant to Labor Law § 240 (1), may be entitled to contractual indemnification, 'it is elementary that the right to contractual indemnification depends upon the specific language of the contract' " (*Kader v City of N.Y., Hous. Preserv. & Dev.,* 16 AD3d 461, 463 [2005], quoting *Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 939 [1995]). The indemnification provision herein is triggered only in the event of a finding of negligence on the part of the appellant or its employees or subcontractors. Since the Supreme Court dismissed the causes of action premised upon violations of Labor Law § 200 and common-law negligence insofar as asserted against the appellant, there is no basis in the record to find such negligence (*cf. Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179 [1990]). Accordingly, the Supreme Court erred in granting those branches of the separate cross motions of the defendants McDonald's Corporation and HVCA, LLC, which were for summary judgment on their cross claims for contractual indemnification against the appellant.

The appellant's remaining contention concerning the denial of that branch of its motion which was for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action is not properly before us since it was not part of the order and interlocutory judgment appealed from. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.