■ RICHARD SULLIVAN, Plaintiff, v G & L BUILDING CORP., Defendant and Second Third-Party Plaintiff-Respondent, et al., Defendant and Third-Party Plaintiff. PRINCE ELECTRIC, Third-Party Defendant-Appellant, et al., Third-Party Defendant, and ANN TAYLOR RETAIL, INC., Second Third-Party Defendant-Respondent. [839 NYS2d 918]—In an action to recover damages for personal injuries, the third-party defendant Prince Electric appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated October 17, 2006, as granted that branch of the motion of the second third-party defendant, Ann Taylor Retail, Inc., which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the second third-party defendant-respondent, Ann Taylor Retail, Inc. (hereinafter Ann Taylor), which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against the third-party defendant Prince Electric (hereinafter Prince). Contrary to Prince's contention, Ann Taylor made a prima facie showing that Prince signed a contract in which it agreed to indemnify Ann Taylor for any claim stemming from the performance of Prince's work (*see Moss v McDonald's Corp.*, 34 AD3d 656, 657 [2006]). In opposition, Prince failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Prince's remaining contentions are without merit. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.