FRANCISCO TOBIO et al., Plaintiffs, v BOSTON PROPERTIES, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. ONE SOURCE HUDSON SHATZ et al., Third-Party Defendants-Respondents. [864 NYS2d 172]—

In an action to recover damages for personal injuries, etc., the defendants and third-party plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 10, 2006, as denied that branch of their motion which was for summary judgment on the third-party cause of

action seeking full contractual indemnification, (2) an order of the same court dated June 5, 2006, which denied their motion for leave to reargue that branch of their prior motion which was for summary judgment on the third-party cause of action seeking full contractual indemnification, and (3) a judgment of the same court entered March 16, 2007, which, after a nonjury trial, and upon granting the motion of the third-party defendants pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of the third-party defendants and against them dismissing the third-party complaint.

Ordered that the appeal from the order dated June 5, 2006, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the order dated February 10, 2006, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the third-party defendants' motion pursuant to CPLR 4401 for judgment as a matter of law is denied, the third-party complaint is reinstated, that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action seeking full contractual indemnification is granted, and the order dated February 10, 2006, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order dated February 10, 2006, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Francisco Tobio (hereinafter the plaintiff) was injured when a piece of plywood on which he was standing broke in half while he was working at an elevated worksite at commercial office space in Manhattan. At the time, the plaintiff, a union painter, was employed by the third-party defendant Hudson-Shatz Painting (hereinafter Hudson-Shatz). Hudson-Shatz had subcontracted with the defendant Structure Tone, Inc. (hereinafter Structure Tone), the general contractor, to perform work at the site. The plaintiffs were awarded summary judgment against Structure Tone on their Labor Law § 240 cause of action.

Thereafter, Structure Tone moved for summary judgment on its contractual indemnification claim against Hudson-Shatz,

which it had impleaded. The indemnification agreement between Hudson-Shatz and Structure Tone provided for Hudson-Shatz to indemnify Structure Tone for liability, including statutory liability, "arising in whole or in part and in any manner from injury and/or death of any person or damage to or loss of any property resulting from the acts, omissions, breach or default" of Hudson-Shatz in the performance of any work by or for Hudson-Shatz. The indemnification clause does not, by its terms, limit indemnification only to claims arising out of the negligence of Hudson-Shatz in the performance of the work. Thus, the Supreme Court improperly denied full indemnification to Structure Tone on its motion for summary judgment solely on the ground that issues of fact existed as to whether Hudson-Shatz was negligent and, if so, whether its negligence proximately caused the injured plaintiff's injuries. In the absence of any proof that Structure Tone was itself negligent, the court should have awarded it summary judgment on the third-party cause of action for full contractual indemnification against Hudson-Shatz (see Santos v BRE/Swiss, LLC, 9 AD3d 303 [2004]; Walsh v Morse Diesel, 143 AD2d 653, 654-655 [1988]).

In light of our determination, the remaining contention of the defendants third-party plaintiffs need not be considered. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.