■ CHIU WONG, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [885 NYS2d 120]—

In an action to recover damages for personal injuries, the defendants City of New York and Port Authority of New York and New Jersey appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated March 11, 2008, as denied the motion of the City of New York, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, and that branch of the separate motion of the defendants Port Authority of New York and New Jersey and American Airlines, Inc., which was, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against the defendant Port Authority of New York and New Jersey.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Port Authority of New York and New Jersey and American Airlines, Inc., which was to dismiss the complaint insofar as asserted against the defendant Port Authority of New York and New Jersey and substituting therefor a provision granting that branch of that motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant City of New York which was to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it and substituting therefor a provision granting that branch of that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when he fell from a lift/ramp near

the cargo door of an airplane owned by his employer, American Airlines, Inc. The plaintiff commenced the instant action against, among others, the defendants City of New York and the Port Authority of New York and New Jersey (hereinafter the Port Authority), asserting causes of action alleging violations of Labor Law § 240 (1) and § 200, and to recover damages for common-law negligence.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks encountered while working, inter alia, upon a structure (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Smith v Cari, LLC*, 50 AD3d 879, 880 [2008]). An airplane is a structure for the purposes of Labor Law § 240 (1) (*see Rooney v Port Auth. of N.Y. & N.J.*, 875 F Supp 253, 254 [1995]; *see also Garcia v Delta Air Lines, Inc.*, 2001 WL 91619, *2 n 2, 2001 US Dist LEXIS 621, *7 n 2 [ED NY 2001]). Contrary to the City's contention, it may be liable under Labor Law § 240 (1) as the fee owner of the premises where the plaintiff's injury occurred, even though it leased the premises to the Port Authority, which in turn leased the premises to American Airlines, Inc. (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 340-341 [2008]; *Coleman v City of New York*, 91 NY2d 821, 823 [1997]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]). Accordingly, the Supreme Court properly denied that branch of the City's motion which was to dismiss the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

However, the plaintiff failed to state a cause of action to recover damages against the City on his causes of action alleging a violation of Labor Law § 200 and to recover damages for common-law negligence. The plaintiff did not allege sufficient facts in either the complaint or the amended complaint to support the conclusion that the City had the authority to supervise or control the method or manner of the work being performed by the plaintiff (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Accordingly, the Supreme Court should have granted that branch of the City's motion which was to dismiss the causes of action alleging a violation of Labor Law § 200 and to recover damages for common-law negligence insofar as asserted against it.

The branch of the motion which was to dismiss the complaint insofar as asserted against the Port Authority should have been granted since the Port Authority is not the owner of the subject premises and is not a general contractor (*see* Labor Law §§ 200, 240 [1]; *Imling v Port Auth. of N.Y. & N.J.*, 289 AD2d 104, 105 [2001]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.