■ ANGEL SALDIVAR et al., Respondents, v LAWRENCE DEVELOPMENT REALTY, LLC, Appellant. [945 NYS2d 324]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated July 15, 2011, which granted the plaintiffs' motion for leave to reargue their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and their opposition to the defendant's cross motion for summary judgment dismissing the complaint, and, upon reargument, in effect, vacated a prior order of the same court dated January 26, 2011, which denied the motion and granted the cross motion, and thereupon granted the motion and denied the cross motion.

Ordered that the order dated July 15, 2011, is affirmed, with costs.

The plaintiff Angel Saldivar (hereinafter the injured plaintiff), an employee of JMK Construction Management, Inc. (hereinafter JMK), allegedly was injured while performing storefront removal and demolition work at a commercial center owned by the defendant Lawrence Development Realty, LLC (hereinafter LDR). To demolish the "upper part" or "facade" of a storefront, the injured plaintiff was standing on a makeshift scaffold consisting of two-inch by six-inch wooden planks running from the step immediately below the highest step of one A-frame ladder to the corresponding step on another A-frame ladder positioned approximately six feet away. After making a vertical cut of the facade with a "Saws-All," the injured plaintiff turned to place that tool down when "[t]he last section [he] had just cut" "moved or shifted to one side" or "ripped loose from

above[ ] [and] swung down,'' striking the makeshift scaffold, and causing it to collapse and the injured plaintiff to fall to the ground. The injured plaintiff landed face down on top of the wooden planks he had been standing on, and "[e]verything that I had not demolished[ ]," or "the upper facade," landed on top of him.

The injured plaintiff and his wife, suing derivatively, commenced this action against LDR to recover damages for personal injuries. The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). LDR cross-moved for summary judgment dismissing the complaint, contending, inter alia, that it was the alter ego of JMK, or that JMK and LDR were alter egos of one another and, thus, the action was barred by Workers' Compensation Law §§ 11 and 29 (6). In an order dated January 26, 2011, the Supreme Court denied the plaintiffs' motion and granted the cross motion. Thereafter, the plaintiffs moved for leave to reargue their motion and their opposition to the cross motion. In the order appealed from, the court granted the motion for leave to reargue, and, upon reargument, in effect, vacated the order dated January 26, 2011, and thereupon granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied LDR's cross motion. LDR appeals, and we affirm.

The Supreme Court properly granted reargument, and, upon reargument, properly denied LDR's cross motion for summary judgment dismissing the complaint. The Supreme Court properly concluded that LDR was not the alter ego of JMK, and that JMK and LDR were not alter egos of one another (*see Rosenburg v Angiuli Buick*, 220 AD2d 654, 655 [1995]; *Kaplan v Bayley Seton Hosp.*, 201 AD2d 461, 461-462 [1994]; *cf. Buckmann v State of New York*, 64 AD3d 1137 [2009]; *Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964 [2003]). Accordingly, this action is not barred by Workers' Compensation Law §§ 11 and 29 (6).

Further, upon reargument, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The collapse of the makeshift scaffold when it was struck by the facade establishes that the makeshift scaffold failed to afford the injured plaintiff proper protection for the work being performed, and that this failure was a proximate cause of his injuries (*see Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721, 721-722 [2011]; *Tapia v Mario*

*Genovesi & Sons, Inc.*, 72 AD3d 800, 801 [2010]). In opposition, LDR failed to raise a triable issue of fact as to whether the injured plaintiff was the sole proximate cause of his injuries (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.