■ MANUEL BERMEJO, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and IBEX CONSTRUCTION, LLC, Defendant/Third-Party Plaintiff-Appellant. MARBLE TECHNIQUES, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) MANUEL BERMEJO, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, AMSTERDAM & 76TH ASSOCIATES, LLC, Appellant, and IBEX CONSTRUCTION, LLC, Defendant/Third-Party Plaintiff-Respondent. MARBLE TECHNIQUES, INC., Third-Party Defendant-Respondent. (Appeal No. 2.) [989 NYS2d 490]—

In a consolidated action to recover damages for personal injuries and medical malpractice, (1) the defendant/third party plaintiff, Ibex Construction, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 11, 2012, as granted the plaintiff's motion for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and denied that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification and (2), the defendant Amsterdam & 76th Associates, LLC, separately appeals, as limited by its brief, from so much of the same order as granted the plaintiff's motion for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and denied that branch of its cross motion, made with the defendant Monadnock Construction, Inc., which was for summary judgment on its cross claim for contractual and common-law indemnification as against the defendant/third-party plaintiff, Ibex Construction, LLC, and the third-party defendant, Marble Techniques, Inc., or for summary judgment declaring that it is a third-party beneficiary of certain contracts.

Ordered that the order is modified, on the law, (1) by deleting

the provision thereof denying that branch of the cross motion of the defendant/third party plaintiff, Ibex Construction, LLC, which was for summary judgment on its third-party cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the cross motion and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Amsterdam & 76th Associates, LLC, and Monadnock Construction, Inc., which was for summary judgment on the cross claim of Amsterdam & 76th Associates, LLC, for common law indemnification as against the defendant/third-party plaintiff, Ibex Construction, LLC, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Manuel Bermejo, an employee of J.P. Marble & Tile (hereinafter JP Marble), allegedly was injured when the wooden platform of the scaffold upon which he was working collapsed, causing him to fall through the metal framework of the scaffold to the floor below. The plaintiff's coworkers arrived to find one end of the platform on the floor and the other end hanging from the scaffold at a 45-degree angle.

The building where the plaintiff was working at the time of the accident was owned by the defendant Amsterdam & 76th Associates, LLC (hereinafter Amsterdam). Amsterdam had entered into an agreement with Equinox 76th Street, Inc., doing business as Equinox (hereinafter Equinox) to lease certain space within the building. Eclipse Development Corp. (hereinafter Eclipse), on behalf of Equinox, entered into an agreement with the defendant/third-party plaintiff, Ibex Construction, LLC (hereinafter Ibex), to act as general contractor for the construction or "build out" of the leased space. Ibex subcontracted with the third-party defendant, Marble Techniques, Inc. (hereinafter Marble), which, in turn, subsubcontracted with JP Marble to install the ceramic wall and floor tile.

The plaintiff sued Amsterdam and Ibex, among others. Ibex then commenced a third-party action against Marble.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) insofar as asserted against Amsterdam and Ibex. Labor Law § 240 (1) imposes a nondelegable duty upon the owner, the general contractor, and their agents, to provide scaffolding which is "so constructed, placed and operated as to give proper protection" to employees using it (Labor Law § 240 [1]).

Here, "[s]ince the scaffold collapsed, the plaintiff established, prima facie, that he was not provided with an adequate safety

device to do his work, as required by Labor Law § 240 (1), and that this statutory violation was a proximate cause of his injury" (*Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 801 [2010]; *see Vasquez v C2 Dev. Corp.*, 105 AD3d 729 [2013]; *Saldivar v Lawrence Dev. Realty, LLC*, 95 AD3d 1101 [2012]; *Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721 [2011]; *Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]; *Saeed v NY/Enterprise City Home Hous. Dev. Fund Corp.*, 303 AD2d 484 [2003]; *Pineda v Kechek Realty Corp.*, 285 AD2d 496 [2001]; *La Lima v Epstein*, 143 AD2d 886 [1988]).

"Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]).

Ibex and Amsterdam contend that the plaintiff's failure to utilize certain clips securing the platform to the scaffold frame was the sole proximate cause of the accident. It is true that "[w]hen a plaintiff handles a scaffold in such a manner as to create the condition causing its collapse, his or her conduct is the sole proximate cause of the accident" (*Berenson v Jericho Water Dist.*, 33 AD3d 574, 576 [2006]). Here, however, Ibex and Amsterdam failed to establish prima facie that the accident was caused by the manner in which the plaintiff handled the scaffold (*see Saldivar v Lawrence Dev. Realty, LLC*, 95 AD3d at 1103; *Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d at 722; *Inga v EBS N. Hills, LLC*, 69 AD3d at 569; *cf. Storms v Dominican Coll. of Blauvelt*, 308 AD2d 575 [2003]; *Tweedy v Roman Catholic Church of Our Lady of Victory*, 232 AD2d 630 [1996]; *Styer v Vita Constr.*, 174 AD2d 662 [1991]). Further, a sufficient nexus existed between Amsterdam and the plaintiff to impose liability on the out-of-possession owner under Labor Law § 240 (1) (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333 [2008]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555 [1993]; *Vasquez v C2 Dev. Corp.*, 105 AD3d 729 [2013]; *Wong v City of New York*, 65 AD3d 1000 [2009]; *cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46 [2004]; *Scaparo v Village of Ilion*, 13 NY3d 864 [2009]; *Morton v State of New York*, 15 NY3d 50 [2010]; *Guryev v Tomchinsky*, 87 AD3d 612 [2011], *affd* 20 NY3d 194 [2012]).

The Supreme Court erred in denying that branch of Ibex's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification.

"The right to contractual indemnification depends upon the specific language of the contract" (*Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). "[A] party who has been held liable to an injured worker solely on the basis of the statutory liability imposed by section 240 (1), without any fault on its part, is entitled to recover under a contract of indemnity" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 64 [1999] [emphasis omitted]; *see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *Lazzaro v MJM Indus.*, 288 AD2d 440 [2001]).

Here, pursuant to the terms of the indemnification provision of Marble's subcontract with Ibex, Marble was obligated to defend Ibex for "any and all claims, liens, judgments, damages, losses . . . arising in whole or in part and in any manner from the act, failure to act, omission, breach or default by [Marble] . . . in connection with the performance of this Agreement."

The Supreme Court found that the indemnification provision was triggered "only if" the accident was caused by the negligence of either Marble or JP Marble, or their employees, and that, contrary to Ibex's assertions, there was no evidence that either Marble or JP Marble owned the defective scaffold. However, the indemnification clause does not, by its terms, limit indemnification only to claims arising out of the negligence of Marble or JP Marble, or their employees in the performance of the work (*see Tobio v Boston Props., Inc.*, 54 AD3d 1022, 1024 [2008]; *Simone v Liebherr Cranes, Inc.*, 90 AD3d 1019 [2011]; *cf. Zastenchik v Knollwood Country Club*, 101 AD3d 861 [2012]; *Cunha v City of New York*, 45 AD3d 624 [2007], *affd* 12 NY3d 504 [2009]; *Moss v McDonald's Corp.*, 34 AD3d 656 [2006]). Thus, the Supreme Court improperly denied contractual indemnification to Ibex on its motion for summary judgment solely on the ground that Ibex failed to establish that the accident was caused by the negligence of Marble or JP Marble or their employees. In the absence of any proof that Ibex was itself negligent (*see Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690 [2010]; *Lazzaro v MJM Indus.*, 288 AD2d 440 [2001]; *Montour v City of New York*, 270 AD2d 236 [2000]), the court should have awarded it summary judgment on the third-party cause of action for contractual indemnification against Marble (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772 [2010]; *Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763 [2009]; *Tobio v Boston Props., Inc.*, 54 AD3d at 1024; *cf. Martinez v City of New York*, 73 AD3d 993 [2010]; *D'Angelo v Builders Group*, 45 AD3d 522 [2007]).

The Supreme Court properly denied that branch of the cross motion of Amsterdam and the defendant Monadnock Construction, Inc. (hereinafter Monadnock),which was for summary judgment on Amsterdam's cross claim for a defense and indemnity from Ibex and/or Marble pursuant to the contracts between Eclipse and Ibex and/or between Ibex and Marble, or under common law insofar as asserted against Marble, or as a third-party beneficiary (*see Fatirian v Monti's Holding, Inc.*, 65 AD3d 1280 [2009]; *Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394 [2008]; *Linkowski v City of New York*, 33 AD3d 971 [2006]).

However, the Supreme Court erred in denying that branch of the cross motion of Amsterdam and Monadnock which was for summary judgment on Amsterdam's cross claim for common-law law indemnification as against Ibex. The movants established, prima facie, Amsterdam's entitlement to judgment as a matter of law by establishing that "it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part" and that Ibex exercised its authority to supervise the plaintiff's work and implement safety procedures (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]; *see Scotti v Federation Dev. Corp.*, 289 AD2d 322 [2001]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523 [1999]; *Eccleston v Berakha*, 233 AD2d 417 [1996]; *Dawson v Pavarini Constr. Co.*, 228 AD2d 466 [1996]; *Gange v Tilles Inv. Co.*, 220 AD2d 556 [1995]; *Danaher v Notarfrancesco*, 213 AD2d 444 [1995]; *see also Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1, 6 [1974]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684 [2005]). In opposition, Ibex failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the cross motion which was for summary judgment on Amsterdam's cross claim for common-law indemnification as against Ibex.

The remaining contentions of Ibex and Amsterdam are without merit. Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.