■ BLEDAR MUHJAJ, Plaintiff, v 77 WATER STREET, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. JTC PAINTING & DECORATING CORP., Third-Party Defendant-Respondent. [50 NYS3d 489]—

Appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated September 23, 2014. The order denied that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual defense and indemnification and, in effect, granted that branch of the third-party defendant's cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party cause of action for contractual defense and indemnification, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the appellants.

On October 26, 2009, the plaintiff allegedly was injured while working at a renovation site as a painter for JTC Painting & Decorating Corp. (hereinafter JTC) when he slipped on debris and fell. At the time, the plaintiff allegedly was lifting a 5-gallon bucket of paint remover, which he intended to use to strip paint from convectors and radiator covers. The complaint alleges that the property where the accident occurred was owned by 77 Water Street, Inc. (hereinafter 77 Water Street), and that Structure Tone, Inc. (hereinafter Structure Tone), a general contractor or construction manager at the property, entered into a subcontract with JTC to perform work. The plaintiff commenced this action against 77 Water Street and Structure Tone, seeking to recover damages for violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. 77 Water Street and Structure Tone then commenced this third-party action against JTC seeking contractual defense and indemnification.

77 Water Street and Structure Tone moved, inter alia, for summary judgment on the third-party cause of action for contractual defense and indemnification, and JTC cross-moved, inter alia, for summary judgment dismissing the third-party cause of action for contractual defense and indemnification. 77 Water Street and Structure Tone contended that they were entitled to contractual defense and indemnification pursuant to a blanket insurance/indemnity agreement dated June 24, 2004, executed by Structure Tone and JTC prior to the plaintiff's accident, and pursuant to an unsigned purchase order dated October 29, 2009, three days after the accident, in which Structure Tone authorized JTC to begin work at the subject property. The Supreme Court determined that the provisions of the blanket insurance/indemnity agreement were not triggered until Structure Tone issued a purchase order, and that there was no evidence that the parties intended the provisions of the purchase order to apply retroactively to the date of the accident. Accordingly, the Supreme Court held that there was no written contract or purchase order in existence on the date of the accident that required JTC to defend or indemnify 77 Water Street or Structure Tone. The Supreme Court denied that branch of the motion of 77 Water Street and Structure Tone which was for summary judgment on the third-party cause of action for contractual defense and indemnification, and, in effect, granted that branch of JTC's cross motion which was for summary judgment dismissing that cause of action. 77 Water Street and Structure Tone appeal.

Workers' Compensation Law § 11 prohibits third-party claims for indemnification against an employer unless "the employee

has sustained a 'grave injury' " or "there is a 'written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant' " (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 367 [2005], quoting Workers' Compensation Law § 11). An indemnification clause in a written contract executed after a plaintiff's accident may "nevertheless be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work 'was made "as of" [a pre-accident date], and that the parties intended that it apply as of that date' " (*Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361, 362 [2004], quoting *Stabile v Viener*, 291 AD2d 395 [2002]).

In support of their motion for summary judgment, 77 Water Street and Structure Tone submitted the blanket insurance/indemnity agreement executed by JTC and Structure Tone and the unsigned purchase order in which Structure Tone authorized JTC to proceed with "paints and coating" work at the subject property. They also submitted a certificate of liability insurance, dated October 20, 2009, which indicated that, "as required by written contract," Structure Tone and the "building owners/managers" were additional insureds under a commercial general liability insurance policy issued to JTC. The certificate of liability insurance also listed a job number, which was the same job number listed on the purchase order for JTC's work at the subject property. These submissions failed to eliminate triable issues of fact as to whether JTC and Structure Tone intended the indemnification provision of the purchase order, which was dated after the plaintiff's alleged accident, to be applied retroactively to a date prior to the accident (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d at 362). The submissions did, however, demonstrate, prima facie, that the blanket insurance/indemnity agreement was a written contract executed by Structure Tone and JTC prior to the alleged accident. Moreover, contrary to JTC's contention, the blanket insurance/indemnity agreement is an independent document, the enforceability of which is not necessarily dependent upon the issuance of a purchase order (*see generally Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 430 [2005]). Pursuant to the blanket insurance/indemnity agreement, JTC was obligated to indemnify and hold harmless, to the fullest extent permitted by law, "Structure Tone . . . and Owner . . . from and against any and all claims, suits, liens, judgments, damages, losses and expenses, including reasonable legal fees and costs, arising in whole or in part and in any manner from the acts, omissions, breach or default of [JTC], its officers, directors, agents,

employees and subcontractors, in connection with the performance of any work by or for Subcontractor pursuant to any purchase order and/or related Proceed Order. [JTC] will defend and bear all costs of defending any actions or proceedings brought against [Structure Tone] and/or Owner . . . arising in whole or in part out of any such acts, omissions, breach or default."

Contrary to JTC's contention, the indemnification provision does not, by its terms, limit indemnification only to claims arising out of JTC's negligence in the performance of the work (*see Mohan v Atlantic Ct., LLC*, 134 AD3d 1075, 1078 [2015]; *Bermejo v New York City Health & Hosps. Corp.*, 119 AD3d 500, 502-503 [2014]; *Tobio v Boston Props., Inc.*, 54 AD3d 1022, 1024 [2008]). However, 77 Water Street and Structure Tone failed to eliminate triable issues of fact as to whether JTC was performing work at the subject property at the time of the alleged accident "pursuant to any purchase order and/or related Proceed Order." Furthermore, 77 Water Street failed to submit evidence demonstrating, prima facie, that it was an "Owner" of the subject property such that it may be entitled to defense and indemnification. Accordingly, 77 Water Street and Structure Tone were not entitled to summary judgment on the third-party cause of action for contractual defense and indemnification.

The Supreme Court erred, however, by, in effect, granting that branch of JTC's cross motion which was for summary judgment dismissing the third-party cause of action for contractual defense and indemnification. JTC failed to eliminate triable issues of fact as to whether it was performing work at the subject property at the time of the alleged accident "pursuant to" a purchase order. Additionally, JTC failed to submit evidence demonstrating, prima facie, that 77 Water Street did not own the subject property (*see Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846, 848 [2009]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.