Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp. (2018 NY Slip Op 03897)





Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp.


2018 NY Slip Op 03897


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6715 403580/10

[*1]Angel Jarama, Plaintiff-Respondent,
v
902 Liberty Avenue Housing Development Fund Corp., et al., Defendants-Appellants, Bowery Residents' Committee, Inc., et al., Defendants.


Hannum Feretic Prendergast & Merlino, LLC, New York (Steven R. Dyki of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered January 6, 2017, which granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim, and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, Angel Jarama, was involved in an accident while performing external masonry work at a construction site. He was standing on a pipe scaffold when a large masonry stone fell onto the scaffold, damaging its "bicycle," which was holding up the wooden planks and causing the planks to collapse from under plaintiff's feet. Plaintiff fell 35 feet to the ground below and suffered numerous personal injuries.
This Court may consider the merits of defendants' untimely cross motion for summary judgment dismissing the complaint to the extent it sought dismissal of the Labor Law § 240(1) claim, because it is based on the same issues raised in plaintiff's motion (Palomo v 175th St. Realty Corp., 101 AD3d 579, 581 [1st Dept 2012]). However, the remainder of the motion, seeking dismissal of Labor Law § 241(6), Labor Law § 200 and common law negligence claims cannot be considered because it does not address issues nearly identical to those raised in the timely motion and defendants did not demonstrate good cause for the delay (see Vitale v Astoria Energy II, LLC, 138 AD3d 981, 984 [2d Dept 2016]; Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]; CPLR 3212[a]).
Plaintiff is entitled to summary judgment as to liability on his Labor Law § 240(1) claim. He established, prima facie, that he was engaged in an activity falling within the statute, and that defendants failed to provide him proper safety equipment, either in the form of a scaffold that could withstand the force of a falling masonry stone (Salvidar v Lawrence Dev. Realty, LLC, 95 AD3d 1101, 1102 [2d Dept 2012] [scaffold that collapsed when struck with falling piece of façade failed to afford proper protection]), a hoist to aid in safely lifting and maneuvering the heavy stones (Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]), something to which plaintiff could safely hook his harness in order to avoid falling (Hoffman v SJP TS, LLC, 111 AD3d 467 [1st Dept 2013]), or any other appropriate safety device. Plaintiff further demonstrated that defendants' failure to provide an appropriate safety device was the proximate cause of the accident, and defendants have failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK