Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y. (2019 NY Slip Op 05763)





Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y.


2019 NY Slip Op 05763


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-07735
 (Index No. 17460/14)

[*1]Wilson Cruz, et al., appellants, 
v
Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of New York, respondents.


Gorayeb & Associates, P.C., New York, NY (Peter D. Suglia of counsel), for appellants.
Fabiani Cohen & Hall, LLP, New York, NY (Alisa Dultz and Kevin B. Pollak of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered June 19, 2017. The order denied the plaintiffs' motion for summary judgment on the issue of the liability of the defendant Roman Catholic Church of St. Gerard Magella in the Borough of Queens in the City of New York on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of the liability of the defendant Roman Catholic Church of St. Gerard Magella in the Borough of Queens in the City of New York on the cause of action alleging a violation of Labor Law § 240(1) is granted.
Wilson Cruz (hereinafter the injured plaintiff) was employed by nonparty Innovax Pillar, Inc., as a laborer on a project involving the renovation of a school. On November 3, 2014, while working at the subject premises, the injured plaintiff allegedly sustained injuries when the working platform of a scaffold on which he was working collapsed and he fell through the frame of the scaffold to the ground.
The injured plaintiff, and his wife suing derivatively, subsequently commenced this action against, among others, the defendant Roman Catholic Church of St. Gerard Magella in the Borough of Queens in the City of New York (hereinafter St. Gerard), which owned the building at the time of the accident. The plaintiffs alleged violations of Labor Law §§ 200, 240(1), (2), (3), and 241(6), as well as common-law negligence. The plaintiffs thereafter moved for summary judgment on the issue of St. Gerard's liability on the cause of action alleging a violation of Labor Law § 240(1). In an order entered June 19, 2017, the Supreme Court denied the motion. The plaintiffs appeal.
Labor Law § 240(1) imposes a nondelegable duty upon owners, general contractors, and their agents, to provide scaffolding which is "so constructed, placed and operated as to give proper protection" to employees using it (Labor Law § 240[1]). To make a prima facie showing of [*2]liability under Labor Law § 240(1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Felix v Klee & Woolf, LLP, 138 AD3d 920, 921). The burden then shifts to the defendant to raise a triable issue of fact (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502). A worker's comparative negligence is not a defense to a cause of action under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286; Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d 1023, 1024). Rather, only where the worker's own conduct is the sole proximate cause of the accident is recovery under Labor Law § 240(1) unavailable (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d at 1024).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of St. Gerard's liability on the Labor Law § 240(1) cause of action. The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; Heffernan v Bais Corp., 294 AD2d 401, 403). Thus, in the instant case, the collapse of the scaffold, for no apparent reason, gave rise to "a prima facie showing that the statute was violated and that the violation was a proximate cause of the worker's injuries" (Dos Santos v State of New York, 300 AD2d 434, 434; see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500; Tapia v Mario Genovesi & Sons, Inc., 72 AD3d 800).
In opposition to the plaintiff's motion, St. Gerard argued that the plaintiff failed to utilize clips to secure the working platform to the frame of the scaffold, and that this conduct was the sole proximate cause of the accident. However, St. Gerard's evidence was insufficient to raise a triable issue of fact as to whether the plaintiff failed to use clips and whether any failure to use clips constituted the sole proximate cause of the accident. In this regard, St. Gerard relied solely on the affidavit of the plaintiff's supervisor, Danny Simile, dated nearly 2½ years after the accident, in which Simile averred that "[t]here were no clips at the accident location." Simile's affidavit did not explain whether, when, or in what manner he had undertaken a search for clips. Significantly, the absence of clips was not noted in any of three incident reports prepared by Simile shortly after the accident. Additionally, Simile averred, in mere conclusory fashion, that had clips been used to secure the working platform, "the working platform would be secure and it would not move, slide out or fall." This bare assertion was insufficient to raise a triable issue of fact as to whether any absence of clips was the sole proximate cause of the accident. Indeed, Simile also averred that if the platform had been "properly seated' or decked'" it would be "secure" and would not "move, slide out or fall." There was no evidence presented that the platform had been improperly "seated" or "decked." Under these circumstances, we disagree with the Supreme Court's conclusion that triable issues of fact existed as to St. Gerard's liability under Labor Law § 240(1).
The respondents' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of St. Gerard's liability on the cause of action alleging a violation of Labor Law § 240(1).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court