Gamez v Sandy Clarkson LLC (2023 NY Slip Op 06440)

Gamez v Sandy Clarkson LLC

2023 NY Slip Op 06440

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 28003/17, 43208/18, 43201/20 Appeal No. 1211 Case No. 2022-03874 

[*1]Heber Gamez, Plaintiff,
v
Sandy Clarkson LLC, et al., Defendants-Appellants, R&R Floors LLC, et al., Defendants, Kingstone Builders Inc. Formally Known as Kingspan Incorporated, Defendant-Respondent.

Sandy Clarkson LLC, et al., Third-Party Plaintiffs-Appellants,
v
Cecere & Sons Inc., Third-Party Defendant-Respondent, Bedrock Plumbing & Heating Inc., Third-Party Defendant. [And A Second Third-Party Action]

Kaufman Dolowich & Voluck LLP, New York (Yousra A. DePalma of counsel), for appellants.
O'Connor Reed Orlando LLP, Port Chester (Peter L. Urreta of counsel), for Kingstone Builders Inc., respondent.
Haworth Barber & Gerstman, LLC, New York (David W. Kong of counsel), for Cecere & Sons Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 16, 2022, which denied defendants' motion for summary judgment against third-party defendant Cecere & Sons Inc. (Cecere) and second third-party defendant Kingstone Builders Inc. f/k/a Kingspan Incorporated (Kingstone) and granted Cecere and Kingstone's motions for summary judgment dismissing defendants' third-party and second third-party complaints, unanimously modified, on the law, to deny Cecere's and Kingstone's motions, and otherwise affirmed, without costs.
Supreme Court properly declined to grant summary judgment to defendants on their third-party and second third-party complaints against Cecere and Kingstone, respectively, seeking contractual indemnification for an accident on property owned and managed by defendants. As to Kingstone, there are material issues of fact as to whether Kingstone had been working where plaintiff fell before the time of his accident. There is also a question of fact as to whether Kingstone caused the gaps in the stairs to appear by removing Styrofoam insulation that defendant McAlpine Contracting Co. (McAlpine) had allegedly inserted, or if, instead, McAlpine failed to insert the insulation. As to Cecere, defendants failed to explain, or show, what acts or omissions of Cecere would have triggered the subcontract or rider's indemnity obligation.
Given these issues of fact, Supreme Court should not have granted Kingstone's motion for summary judgment (see e.g. Madkins v 22 Little W. 12th St., LLC, 191 AD3d 434, 435 [1st Dept 2021]).
Supreme Court should also not have granted Cecere's motion for summary judgment. Cecere has not established that the accident did not arise out of the performance of its work. At the time of the accident, plaintiff, a Cecere employee, was walking through the construction site, moving from one work location to another while carrying work materials. Under New York law, the words "arising out of" have broad significance, inclusive of "incident to" or "having connection with" (Arch Specialty Ins. Co. v Farm Family Cas. Ins. Co., 238 F Supp 3d 604, 612 [SD NY 2017] [citing Maroney v New York Cent. Mut. Fire Ins. Co, 5 NY3d 467 [2005]]).
Section 8 of the rider states that it supersedes prior agreements. Thus, its language, which does not require negligence in connection with Cecere's indemnification obligation, replaces the language in the subcontract, which refers to negligence. Cecere's argument that the rider also requires negligence is unavailing (see e.g. Santos v BRE/Swiss, LLC, 9 AD3d 303, 304 [1st Dept 2004]). Because defendants were not obligated to make a showing of Cecere's negligence to be contractually entitled to indemnification, Cecere's argument that defendants did not offer evidence of its negligence is unavailing, and its motion should have been denied.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023